STEPHEN J. AKERLEY (Bar No. 160757)
PHILIP C. DUCKER (Bar No. 262644)
ADRIAN KWAN (Bar No. 300032)
MINTZ LEVIN COHN FERRIS GLOVSKY
  AND POPEO P.C.
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Telephone:   (415) 432-6000
Facsimile:    (415) 432-6001
SJAkerley@mintz.com
PCDucker@mintz.com
AKwan@mintz.com

*Attorneys for Defendant*
IPCom GmbH & Co. KG

UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LENOVO (UNITED STATES) INC. And MOTOROLA MOBILITY, LLC,<br><br>         Plaintiffs,<br><br>   v.<br><br>IPCom GmbH & Co. KG,<br><br>         Defendant. | Case No.  5:19-cv-01389-EJD<br><br>**DEFENDANT IPCOM GMBH & CO. KG'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5**<br><br>Complaint Filed: March 14, 2019<br>Trial Date:  TBD |

1   Pursuant to the Norther District of California's Civil Local Rules 7-11 and 79-5, Defendant
2   IPCom GmbH & Co. KG ("IPCom") respectfully moves for an order permitting it to file under seal
3   portions of Exhibit A attached to IPCom's Motion to Dismiss (the "Motion").  As explained in
4   detail in the declaration of Stephen J. Akerley ("Akerley Declaration"), filed herewith, Exhibit A
5   contains confidential business information relating to IPCom's settlement and licensing negotiations
6   with Lenovo.  IPCom seeks to file Exhibit A under seal.  An unredacted version of Exhibit A is
7   included with the instant motion to seal.

8   There are compelling reasons to keep settlement and licensing negotiations confidential in
9   order to prevent third parties from utilizing it for improper purposes of obstructing settlement or "as
10  sources of business information that might harm a litigant's competitive standing[.]"  *Nixon v.*
11  *Warner Communications, Inc.*, 435 U.S. 589, 598 (1978); *see also Autodesk, Inc. v. Alter*, No. 16-
12  cv-04722-WHO, 2017 U.S. Dist. LEXIS 70951, at * 23-24 (N.D. Cal. May 9, 2017).  Disclosing the
13  contents of IPCom and Lenovo's settlement discussions would harm IPCom's competitive standing
14  because it would give parties in future negotiations with IPCom access to comparative settlement
15  pricing.  *See Autodesk, Inc.*, 2017 U.S. Dist. LEXIS 70951, at *23.  Further, these compromise
16  offers are protected by Federal Rule of Evidence 408 under the same rationale, namely, "to
17  encourage settlements which would be discouraged if such evidence were admissible."  Fed. R.
18  Evid. 408, Notes of Committee on the Judiciary, Senate Report No. 93-1277.
19  / / /
20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28

-1-
DEFENDANT IPCOM GMBH & CO. KG'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL
PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5 – CASE NO. 5:19-cv-01389-EJD

1    IPCom's request is also narrowly tailored.  The only portions IPCom seeks to redact are the
2 exact settlement negotiation amounts disclosed.  *Autodesk, Inc.*, 2017 U.S. Dist. LEXIS 70951, at
3 *25 (granting motion to seal portion of License Agreement "which discusses the settlement
4 payment amount and terms[.]").

Dated:  July 2, 2019					Respectfully submitted,

							MINTZ LEVIN COHN FERRIS GLOVSKY
							  AND POPEO P.C.

							       */s/ Stephen J. Akerley*
							By:	Stephen J. Akerley
								Philip C. Ducker
								Adrian Kwan

							Attorneys for Defendant IPCom GmbH & Co. KG

-2-
DEFENDANT IPCOM GMBH & CO. KG'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5 – CASE NO. 5:19-cv-01389-EJD