# EXHIBIT  G

# IPCom GmbH & Co. KG

Zugspitzstraße 15

D-82049 Pullach

Tel    +49 89 55277 300

Fax    +49 89 55277 305

E-Mail:

info@ipcom-munich.com

Sitz Pullach

AG München

HRA 93950

Persönlich haftender

Gesellschafter:

IPCom Beteiligungs GmbH

Sitz Pullach

AG München

HRB 167303

IPCom GmbH & Co. KG Zugspitzstraße 15 D-82049 Pullach

Lenovo
Intellectual Property Department
No. 6 Chuang Ye Road, Shangdi Information Industry Base,
Haidian District,
Beijing, 100085
People's Republic of China

January 9, 2014

Dear Sirs,

**Invitation to Negotiate**

This letter is an invitation to negotiate ("Invitation to Negotiate") a licence to certain Standards Essential Patents ("SEPs") owned by IPCom. The letter proposes a licensing framework ("Licensing Framework") that IPCom believes complies with any obligations IPCom may have, to license its SEPs on Fair, Reasonable and Non-Discriminatory (FRAND) terms.

It is intended that this Invitation to Negotiate will bind IPCom and LENOVO (the "Parties") to the Licensing Framework from the date IPCom receives this Invitation to Negotiate returned and signed from LENOVO ("Commencement Date") until  FRAND terms for a unilateral licence of IPCom's SEPs have been finally determined or agreed pursuant to the Licensing Framework.

 Under the Licensing Framework, the Parties agree as follows:

*Mandatory Negotiation Period*

1.  The Parties will negotiate FRAND terms during a period of six months ("Mandatory Negotiation Period")  from the Commencement Date, with a view to agreeing a <u>unilateral</u> licence to IPCom's SEPs, provided that:
    a.  the Parties may, by mutual written agreement, specify an alternative procedure for determining FRAND terms during the Mandatory Negotiation Period; and
    b.  In the event that neither the FRAND terms for a SEPs licence nor an alternative procedure for determining FRAND terms for a SEPs licence have been agreed by the Parties during the Mandatory Negotiation Period, within sixty (60) days of the end of the Mandatory Negotiation Period, the Parties shall choose whether to submit the matter to arbitration or to court adjudication in order to determine the FRAND terms of a unilateral license

# IPCom GmbH & Co. KG

("Third-Party Determination") in accordance with Clauses 4 to 6 (inclusive) below.

   c.   If the Parties within this sixty (60) day period mutually agree to submit the matter for arbitration of the FRAND terms, the Parties shall commence third-party determination of FRAND terms by way of arbitration, in accordance with the arbitration procedure set out in Clause 4 below.

   d.   If the Parties within this sixty (60) day period mutually agree to submit the matter to court adjudication of the FRAND terms, the Parties shall commence Third-Party Determination of FRAND Terms by way of court adjudication, in accordance with the court adjudication procedure set out in Clauses 5 and 6 below.

   e.   If the Parties fail to reach agreement on whether to submit the Third-Party Determination of FRAND Terms for arbitration or to court adjudication within this sixty (60) day period, the Parties shall commence determination of FRAND terms by way of court adjudication, in accordance with the procedure set out in Clauses 5 and 6 below.

   f.   The procedure and method for determining FRAND terms will be decided by the judges in the case of court adjudication, or arbitrators, in the case of arbitration (subject to Clause 4 below in respect of arbitration, and Clauses 5 and 6 below in respect of court adjudication).

*Arguments regarding Validity, Essentiality and Infringement*

2.   Nothing herein shall restrict the ability of either party from making or maintaining arguments regarding validity, essentiality and infringement of IPCom's SEPs during the third-party determination of FRAND terms referred to in paragraphs 1.c., 1.d. or 1.e. above.

3.   Nothing herein shall restrict the ability of either party to challenge the validity, essentiality or infringement of SEPs outside the context of the third-party determination of FRAND terms referred to in paragraphs 1.c., 1.d. or 1.e. above.

*Arbitration Procedure:*

4.   The arbitration procedure shall be conducted as follows (unless the Parties mutually agree to follow a different arbitration procedure):

   a.   The dispute shall be finally settled under the rules of arbitration of the ICC, unless the Parties mutually agree that the arbitration tribunal will be the patent mediation and arbitration centre as established under Article 35(1) of the Agreement on a Unified Patent Court in which case the mandatory rules of this mediation and arbitration centre shall apply.

   b.   The first arbitral panel shall be made up of three (3) arbitrators, each with at least ten (10) years' relevant experience in the telecommunications sector and/or in IP licensing. The president of the first arbitral panel shall be a qualified practising lawyer who has experience in the telecommunication sector in either patent licensing or patent litigation. Legal qualification is not an absolute requirement for the other arbitrators. Each Party may select one arbitrator, and the president shall be selected by the two party-appointed arbitrators from a list of names nominated by the Parties, or failing agreement, the president shall be appointed by the ICC.

   c.   The arbitration will be conducted in English.

   d.   The seat of the arbitration will be in an EEA jurisdiction in which national laws permit Parties to agree to make an arbitration decision subject to appeal to a second arbitral tribunal If the Parties cannot agree on the seat of the arbitration, the arbitration shall be held in London.

   e.   The arbitration will be conducted in strict confidence and the arbitral proceedings and decision shall be confidential. Each Party shall maintain the confidentiality of the arbitral

# IPCom GmbH & Co. KG

decision and the confidential documents submitted in the course of the arbitration by the other Party, unless such documents are used in the proceedings for any appeal of the arbitration decision pursuant to Clause 4.f. below or disclosure is required by law or pursuant to an order by a court, tribunal, or a governmental authority.

f.  The first arbitral tribunal's decision shall be subject to a *de novo* appeal on issues of fact and law in accordance with the following procedure:

    i.  Either Party may appeal the first arbitral tribunal's decision to a second arbitral tribunal within sixty (60) days of notification of the decision to the Parties.

    ii.  Unless the Parties agree otherwise, the second arbitral panel shall be chosen in accordance with the procedure and requirements set out at Clause 4.b above, but no member of the first arbitral panel shall serve as a member of the second arbitral panel or otherwise be involved in the appeal in any capacity.

    iii.  The Parties can agree to limit the issues to be considered on appeal.

    iv.  Subject to Clause 4.f.iii above, the Parties agree expressly that the second arbitral tribunal shall have full authority to revisit the issues decided by the first arbitral tribunal, and that the first arbitral tribunal's decision shall be final and binding except to the extent to which issues therein are appealed within sixty (60) days. For the avoidance of doubt, any issues in the first arbitral tribunal's award that are not appealed within sixty (60) days shall be final and binding, and in any event, the second arbitral tribunal's decision shall be final and binding on the Parties.

    v.  The appeal shall be treated as a separate arbitration for the ICC's purposes. The seat of the arbitration shall be in the same jurisdiction as the first arbitration.

    vi.  Any procedural rules governing the arbitration procedure not set out in this Licensing Framework will, at each instance, be decided by the arbitral panel, in accordance with the ICC Rules of Procedure or, as applicable, the patent mediation and arbitration centre as established under Article 35(1) of the Agreement on a Unified Patent Court.

*Court Adjudication:*

5.  The venue for the court adjudication procedure will be the Patents Court, High Court of England and Wales (or any successor court), or the UPC, if jointly as agreed between the Parties (the "Court").

The court adjudication procedure shall be conducted as follows:

a.  both Parties agree to submit to the jurisdiction of the Court, and neither Party shall contest the jurisdiction of the Court, for purposes of the Third-Party Determination of FRAND Terms;

b.  the Parties will bring the dispute relating to FRAND terms before the Court through an action seeking a declaration of those terms by the Court;

c.  the Parties will jointly request the Court to determine FRAND terms;

d.  both Parties will undertake all necessary procedural steps stipulated by the Court to bring about a determination of FRAND terms by the Court; and

e.  both Parties will be bound by the final outcome of that procedure. The final outcome of that procedure shall in any event not bind the parties outside the EEA unless the parties agree otherwise.

6.  If the Court to which the Parties have jointly made the request for a third-party determination of FRAND terms decides that it will not issue a declaratory judgment determining FRAND terms, then Third-Party Determination of FRAND Terms through the arbitration procedure as set out in Clause 4 above will apply.

# IPCom GmbH & Co. KG

*Injunctive Relief*

7. IPCom will refrain from filing a claim for injunctive relief before any court or tribunal in the EEA for infringement of any of its SEPs once LENOVO has signed this letter and as long as the agreements according to this letter are in force and as long as LENOVO complies with them.

*Entering into force and consequences of non-compliance*

8. LENOVO must indicate its agreement to comply with this licensing framework by signing and returning the enclosed copy of this letter to IPCom within thirty (30) days of receipt. If LENOVO wish to propose amendments to the licensing framework we are prepared to consider these provided an agreement can be reached within thirty (30) days.  If LENOVO fails to do so, IPCom will not be bound to comply with the Licensing Framework vis-a-vis LENOVO and in particular, will consider LENOVO to be unwilling to negotiate a license and will be relieved of its undertaking not to seek injunctive relief with respect to LENOVO according to clause 7 of this letter.

*Choice of law and jurisdiction*

9. This Invitation to Negotiate and any non-contractual obligations or liabilities arising out of or in connection with it shall be governed by the laws of England and Wales.  The courts of England or, if the Parties jointly agree, the UPC, will have exclusive jurisdiction to settle any dispute or claim that arises out of or in connection with this Invitation to Negotiate.  Any action or proceeding in respect of any such dispute or claim shall be brought before the High Court of Justice in London, England or, as the case may be, the UPC.

Yours faithfully

Name:  Philipp Kahlenberg

Title:  Senior Vice President

for and on behalf of IPCom

Agreed and accepted by

Name:

Title:

for and on behalf of LENOVO

Dated:

Copy:  Mr. Jay Clemens, General Counsel

Lenovo, 1009 Think Place, Morrisville, NC 27560 United States