Exhibit 1

# Bristows

Bristows LLP
100 Victoria Embankment
London EC4Y 0DH

T +44 20 7400 8000

bristows.com

FAO the Legal Department
Motorola Mobility UK LTD
Redwood Chineham Business Park
Crockford Lane
Basingstoke
Hampshire
RG24 8WQ

Our ref: 450/PMJ/10295.0040

4 July 2019

Dear Sirs

**HP-2019-000024: IPCom GMBH & Co. KG v (1) Lenovo Technology (United Kingdom) Limited, (2) Motorola Mobility UK LTD. (the "Proceedings")**

We act for the Claimant in the above Proceedings. We enclose, by way of service, the following documents:

1. IPCom's claim form;
2. IPCom's Particulars of Claim and accompanying Annexes 1 to 5;
3. IPCom's Particulars of Infringement and accompanying Annexes 1 to 4;
4. IPCom's Initial Disclosure List; and
5. Response pack.

Please confirm receipt by email to nicholas.round@bristows.com

Pursuant to our client's obligations under paragraph 5.1 of CPR Practice Direction 51U, we enclose our client's Initial Disclosure List. We confirm that steps have been taken by the Claimant to preserve relevant documents in accordance with the duties under paragraph 3.1(1) and 3.2(1) of CPR Practice Direction 51U, and as required by paragraphs 4.1 to 4.4 of CPR Practice Direction 51U.

The Claimant requests and requires the Defendants to demonstrate that they are respectively willing licensees by entering into the undertakings set out in the prayer for relief (the "Undertakings") within 14 days of the date of this letter. Pending receipt of the same, the Claimant reserves its right to take further steps in the proceedings.

Yours faithfully

*Bristows LLP*

**Bristows LLP**

Encs.



**Claim Form**

| | |
|---|---|
| In the | High Court of Justice, Business and Property Courts of England and Wales, Patents Court (ChD) |
| Fee Account no. | PBA0083291  HP-2019-000024 |
| Help with Fees – Ref. no. (if applicable) | H W F - ☐☐☐ - ☐☐☐ |

02 Jul 2019

You may be able to issue your claim online which may save time and money. Go to www.moneyclaim.gov.uk to find out more.

| | |
|---|---|
| Claim no. | |
| Issue date | |

*For court use only*

Claimant(s) name(s) and address(es) including postcode
IPCOM GMBH & CO. KG of Zugspitzstrasse 15, 82049 Pullach, Federal Republic of Germany

SEAL

Defendant(s) name and address(es) including postcode
(1) Lenovo Technology (United Kingdom) Limited, 2nd Floor, Redwood 3 Chineham Park, Crockford Lane, Basingstoke, Hampshire, United Kingdom, RG24 8WQ
(2) Motorola Mobility UK LTD, Redwood Chineham Business Park, Crockford Lane, Basingstoke, Hampshire, United Kingdom, RG24 8WQ

For further details of the courts www.gov.uk/find-court-tribunal.
When corresponding with the Court, please address forms or letters to the Manager and always quote the claim number.
N1 Claim form (CPR Part 7) (06.16)
This form is reproduced from http://hmctsformfinder.justice.gov.uk/HMCTS/FormFinder.do and is subject to Crown copyright protection. Contains public sector information licensed under the Open Government Licence v3.0    © Crown Copyright 2016

Brief details of claim

The claim is for the infringement of EP 1 841 268 B2

**THE CLAIMANT CLAIMS:**

(1)  A declaration that EP 1 841 268 B2 is essential to the ETSI UMTS telecommunications standard.
(2)  A declaration that EP 1 841 268 B2 has been infringed by the Defendants and each of them.
(3)  An order for appropriate measures for the dissemination and publication of the judgment to be taken at the expense of the Defendants and each of them.
(4)  Costs.
(5)  Further or other relief.

**AND UNLESS the Defendants and each of them undertake** to IPCom GmbH & Co. KG and the High Court of Justice of England and Wales that:

(a)  in the circumstances where the High Court of Justice of England and Wales has found European Patent (UK) 1,841,268 B2 to be valid, essential and infringed by the Defendants (or either of them), they will, without delay, enter into a licence covering all of the Defendants' acts of infringement on terms deemed to be FRAND in the US FRAND Proceedings;

(b)  they will procure that Lenovo (United States) Inc. and Motorola Mobility LLC and each of them prosecute their claim against IPCom GmbH & Co. KG filed on 14th March 2019 before the United States District Court for the Northern District of California ("the US FRAND Proceedings") without delay; and

(c)  in the event that the US FRAND Proceedings fail to settle the terms of a FRAND licence (without delay or at all) covering all of the Defendants' acts of infringement found by the High Court of Justice of England and Wales, submit to the High Court of Justice of England and Wales for a determination of an appropriate licence on FRAND terms to cover all such outstanding acts of infringement, and enter into that licence without delay.

**THEN THE CLAIMANT FURTHER CLAIMS**

(6)  An injunction to restrain the Defendants and each of them, either by themselves or through their agents, affiliates or third parties or howsoever otherwise, from infringing EP 1 841 268 B2.

(7)  An inquiry as to damages (including damages in accordance with Regulation 3 of the Intellectual Property (Enforcement, etc.) Regulations 2006, SI 2006/1028) suffered by the Claimant or (at the Claimant's option) an account of profits accrued to the Defendants and each of them by reason of their acts of infringement and an order for the payment of all sums found due upon the taking of such inquiry or account, together with interest thereon pursuant to section 35A of the Senior Courts Act 1981 or the equitable jurisdiction of the Court

Value
For the purposes of CPR 3.12(1)(b) this claim, whilst unspecified is valued at £10,000,000 or more

You must indicate your preferred County Court Hearing Centre for hearings here (see notes for guidance)

| Defendant's name and address for service including postcode | | | £ |
|---|---|---|---|
| | Lenovo Technology (United Kingdom) Limited, 2nd Floor, Redwood 3 Chineham Park, Crockford Lane, Basingstoke, Hampshire, RG24 8WQ | Amount claimed | >£10,000,000 |
| | | Court fee | £10,528 |
| | | Legal representative's costs | To be assessed |

No. 19-cv-01389-EJD page 003

|  | Total amount | Unspecified |
|---|---|---|

| Claim No. | |
|---|---|

Does, or will, your claim include any issues under the Human Rights Act 1998?   [ ] Yes [ x ] No

Particulars of Claim (attached) to follow

**Statement of Truth**
*(I believe)(The Claimant believes) that the facts stated in this claim form are true.
* I am duly authorised by the claimant to sign this statement

Full name __RICHARD JOHN PINKNEY__

Name of claimant's legal representative's firm ____BRISTOWS LLP____

signed __R.J. Pinkey__ position or office held __PARTNER__
*(Claimant)(Litigation friend) (if signing on behalf of firm or company)
(Claimant's legal representative)

*delete as appropriate

Bristows LLP
100 Victoria Embankment
London
EC4Y 0DH

Claimant's or claimant's legal representative's address to which documents or payments should be sent if different from overleaf including (if appropriate) details of DX, fax or e-mail.

Claim No. HP-2019-000024

IN THE HIGH COURT OF JUSTICE
BUSINESS AND PROPERTY COURTS OF ENGLAND AND WALES
INTELLECTUAL PROPERTY LIST (CHANCERY DIVISION)
PATENTS COURT

**BETWEEN:**

**IPCOM GMBH & CO. KG**
(a company incorporated under the laws of Germany)

<u>Claimant</u>

- and -

**(1) LENOVO TECHNOLOGY (UNITED KINGDOM) LIMITED**

**(2) MOTOROLA MOBILITY UK LTD**

<u>Defendants</u>

---

**PARTICULARS OF CLAIM**

---

**THE CLAIMANT AND THE PATENT**

1. The Claimant is a company incorporated under the laws of Germany and is the proprietor of European Patent (UK) 1,841,268 B2 ("**EP 268**") a copy of which is attached as **Annex 1** hereto. A certified English translation of the textual description is attached as **Annex 2** hereto.

2. European Patent 1,841,268 B1 ("**EP 268 B1**") was granted on 17th March 2010. Following opposition proceedings before the European Patent Office, a decision to maintain EP 268 in amended form (being the B2 amended version of EP 268 B1) was published on 25th April 2018.

3. EP 268 B1 in a further UK-only amended form ("**EP 268 B1(UK)**") was held to be valid, infringed and essential to the UMTS Standard by the United Kingdom's Court of Appeal in 2012 ([2012] EWCA Civ 567). A further amended form (which mirrors EP 268) was held to be valid, infringed and essential to the UMTS Standard by the United Kingdom's Court of Appeal in 2017 ([2017] EWCA Civ 90).

4. EP 268 is in force.

1

5. A certificate of contested validity pursuant to s.65 of the Patents Act 1977 (**"the 1977 Act"**) was issued in respect of EP 268 B1(UK) by Floyd J dated 8th July 2011 and upheld by the Court of Appeal ([2012] EWCA Civ 567). A further such certificate was issued in respect of EP 268 by Birss J dated 8th June 2015, upheld by the Court of Appeal ([2017] EWCA Civ 90), and remains in force.

**THE DEFENDANTS**

6. The First Defendant, Lenovo Technology (United Kingdom) Limited ("**Lenovo UK**"), is a UK company with the registered office: 2nd Floor, Redwood 3 Chineham Park, Crockford Lane, Basingstoke, Hampshire, United Kingdom, RG24 8WQ. Lenovo UK's Strategic Report for the year ended 31 March 2018 ("**Lenovo UK's 2018 Annual Report**"), attached as **Annex 3** hereto, states that Lenovo's "*principal active ... during the year was the wholesale of personal computing and mobile telephone equipment and peripherals*". Lenovo UK is a wholly owned subsidiary of the Lenovo Group Limited ("**the Lenovo Group**"), a corporation organized under the laws of Hong Kong.

7. The Second Defendant, Motorola Mobility UK LTD ("**Motorola UK**") is a UK company with the registered office: Redwood Chineham Business Park, Crockford Lane, Basingstoke, Hampshire, United Kingdom, RG24 8WQ. Motorola UK is a wholly owned subsidiary of Motorola Mobility Sales International LLC, a corporation organized under the laws of the State of Delaware, which itself is a wholly owned subsidiary of the Lenovo Group.

8. As set out in the Particulars of Infringement served herewith: (a) prior to 16th January 2018 the devices complained of herein were sold in the United Kingdom by Motorola UK; and (b) subsequent to that date and continuing, the said devices were and are sold in the United Kingdom by Lenovo UK.

**ESSENTIALITY, FRAND AND INFRINGEMENT**

9. EP 268 is part of a portfolio of patents owned by the Claimant ("**the IPCom Portfolio**") that have been declared as "Standard Essential" pursuant to the policy of the European Telecommunications Standards Institute ("**ETSI**"). Herein the terms **"Standard"** and **"Essential"** have the meanings set out in the ETSI

2

Intellectual Property Rights Policy dated 18th April 2018 and contained within Version 39 of the ETSI Directives dated 8th October 2018 (**"the ETSI IPR Policy"**).

10. The IPCom Portfolio, including EP 268, is the subject of a General IPR Licensing Declaration dated 11th June 2014 (a copy of which is attached as **Annex 4** hereto) and made by the Claimant to ETSI in the following terms:

    *In accordance with Clause 6.1 of the ETSI IPR Policy the Declarant and/or its AFFILIATES hereby… irrevocably declares that (1) it and its AFFILIATES are prepared to grant irrevocable licences under its/their IPR(s) on terms and conditions which are in accordance with Clause 6.1 of the ETSI IPR Policy…*

11. An earlier declaration was made by the Claimant to the European Commission (published on 10 December 2009), in which the Claimant stated that it was:

    *prepared to grant irrevocable licenses under the essential intellectual property rights of its Bosch Mobile Telecommunication Patent Portfolio on fair, reasonable and non-discriminatory terms and conditions.*

12. Clause 6.1 of the ETSI IPR Policy requires an SEP owner to offer to grant licences on terms that are fair, reasonable and non-discriminatory ("**FRAND**") (the "**FRAND Obligation**").

13. The Claimant accordingly is and at all material times has been prepared to grant a FRAND licence to EP 268 and the other Essential patents comprising the IPCom Portfolio in accordance with the FRAND Obligation.

14. EP 268 is and remains Essential to the UMTS standard as previously determined by the UK Courts (albeit the Claimant recognises the previous judgments of the UK Courts are not formally binding on the Defendants).

15. The Claimant has, since at least 2014 been actively pursuing negotiations with the Lenovo group seeking to license the IPCom Portfolio, including EP 268, to the Lenovo group (including therein the Defendants) on FRAND terms but has thus far been unsuccessful.

3

16. Neither of the Defendants, nor any company with the Lenovo group, have taken a licence from the Claimant in respect of EP 268 and all of the Defendants' acts complained of herein have been, and continue to be, without the consent of the Claimant.

17. In the premises, the Defendants have infringed EP 268 and continue to do so by having conducted and continuing to conduct the acts set out in the Particulars of Infringement served herewith.

18. The Claimant is and remains prepared to grant a FRAND licence to the Defendants covering the past and threatened future acts complained of herein.

19. The Claimant made its most recent licensing offer to the Lenovo group (including therein the Defendants) in March 2019 informing them that it would consider litigation if the offer was not accepted by 15th March 2019. In response, on 14th March, the Lenovo group, by the legal persons of US companies Lenovo (United States) Inc. and Motorola Mobility LLC (together the "**US Entities**"), filed proceedings in the United States District Court for the Northern District of California (the "**US Proceedings**"). The US Proceedings are yet to be formally served on IPCom but it has seen a copy of the pleadings, a copy of which is attached as **Annex 5** hereto.

20. By the US Proceedings, Lenovo purports (via the US Entities), *inter alia*, to seek an adjudication of the appropriate terms of a FRAND licence for the IPCom Portfolio. However, whether in those proceedings or otherwise howsoever, no Lenovo entity (including therein the Defendants) has provided any undertaking, assurance or commitment that any Lenovo entity (including the Defendants) will enter into a FRAND licence so-determined or at all.

21. Provided that the Defendants are prepared to enter a binding commitment to IPCom and the High Court of England and Wales to evince that they are willing licensees, the Claimant is content for any Court of competent jurisdiction to determine the terms of a FRAND licence between the Claimant and the Defendants (or any other Lenovo entity where the licence includes the Defendants' acts complained of herein).

4

22. Without prejudice to the generality of the foregoing, for the purpose of these proceedings, the Claimant is entitled to, and is prepared to accept, the following undertakings:

*The Defendants and each of them undertake to IPCom GmbH & Co. KG and the High Court of Justice of England and Wales that:*

    (a)    *in the circumstances where the High Court of Justice of England and Wales has found European Patent (UK) 1,841,268 B2 to be valid, essential and infringed by the Defendants (or either of them), they will, without delay, enter into a licence covering all of the Defendants' past and future threatened acts of infringement on terms deemed to be FRAND in the US FRAND Proceedings;*

    (b)    *they will procure that Lenovo (United States) Inc. and Motorola Mobility LLC and each of them prosecute their claim against IPCom GmbH & Co. KG filed on 14th March 2019 before the United States District Court for the Northern District of California ("the US FRAND Proceedings") without delay; and*

    (c)    *in the event that the US FRAND Proceedings fail to settle the terms of a FRAND licence (without delay or at all) covering all of the Defendants' acts of infringement found by the High Court of Justice of England and Wales, submit to the High Court of Justice of England and Wales for a determination of an appropriate licence on FRAND terms to cover all such uncompensated acts of infringement, and enter into that licence without delay.*

23. In the event that the Defendants refuse to provide the undertakings sought, or materially equivalent binding undertakings to establish that they are willing licensees, the Claimant will aver that they are not willing licensees and are no longer entitled to rely upon the FRAND Obligation.

**LOSS, DAMAGE AND INTEREST**

24. By reason of the Defendants' acts of patent infringement, the Claimant has suffered loss and damage.

25. Without prejudice to the generality of the foregoing, had the Defendants entered into the FRAND Licence when or before the Defendants first commenced their acts of which the Claimant herein complains, the Defendants would have been licenced and the Claimant would have received licence royalties in respect of the worldwide sales of the Defendants' products and services covered by IPCom's Portfolio. The

Claimant has suffered the loss of this revenue as a direct and foreseeable consequence of the Defendants' decision to implement the invention of EP 268 without taking a FRAND licence from the Claimant.

26. The Defendants and each of them threaten and intend unless restrained by this Honourable Court to continue their said acts of patent infringement, whereby the Claimant will suffer further loss and damage.

27. The Claimant is not at present able to give particulars of all the Defendants' actual and intended acts of infringement, but at trial will seek relief in respect of any such act.

28. The Claimant is entitled to and claims interest on all sums found due to it under section 35A of the Senior Courts Act 1981 and/or pursuant to the inherent jurisdiction of the Court.

**AND THE CLAIMANT CLAIMS:**

(1) A declaration that EP 1 841 268 B2 is essential to the ETSI UMTS telecommunications standard.

(2) A declaration that EP 1 841 268 B2 has been infringed by the Defendants and each of them.

(3) An order for appropriate measures for the dissemination and publication of the judgment to be taken at the expense of the Defendants and each of them.

(4) Costs.

(5) Further or other relief.

**AND UNLESS** the Defendants and each of them undertake to IPCom GmbH & Co. KG and the High Court of Justice of England and Wales that:

(a) in the circumstances where the High Court of Justice of England and Wales has found European Patent (UK) 1,841,268 B2 to be valid, essential and infringed by the Defendants (or either of them), they will, without delay,

6

        enter into a licence covering all of the Defendants' acts of infringement on terms deemed to be FRAND in the US FRAND Proceedings;

(b)   they will procure that Lenovo (United States) Inc. and Motorola Mobility LLC and each of them prosecute their claim against IPCom GmbH & Co. KG filed on 14th March 2019 before the United States District Court for the Northern District of California ("the US FRAND Proceedings") without delay; and

(c)   in the event that the US FRAND Proceedings fail to settle the terms of a FRAND licence (without delay or at all) covering all of the Defendants' acts of infringement found by the High Court of Justice of England and Wales, submit to the High Court of Justice of England and Wales for a determination of an appropriate licence on FRAND terms to cover all such outstanding acts of infringement, and enter into that licence without delay.

**THEN THE CLAIMANT FURTHER CLAIMS**

(6)   An injunction to restrain the Defendants and each of them, either by themselves or through their agents, affiliates or third parties or howsoever otherwise, from infringing EP 1 841 268 B2.

(7)   An inquiry as to damages (including damages in accordance with Regulation 3 of the Intellectual Property (Enforcement, etc.) Regulations 2006, SI 2006/1028) suffered by the Claimant or (at the Claimant's option) an account of profits accrued to the Defendants and each of them by reason of their acts of infringement and an order for the payment of all sums found due upon the taking of such inquiry or account, together with interest thereon pursuant to section 35A of the Senior Courts Act 1981 or the equitable jurisdiction of the Court.

                                                        **BRIAN NICHOLSON QC**
                                                            **BRISTOWS LLP**

7

No. 19-cv-01389-EJD page 011

STATEMENT OF TRUTH

The Claimant believes that the facts stated in these Particulars of Claim are true. I am duly authorised by the Claimant to sign this statement.

Signed: *PMJelf*
Full name: PETER MYLES JELF
Position: PARTNER

Served this 4th day of JULY by Messrs Bristows LLP of 100 Victoria Embankment, London EC4Y 0DH, Solicitors for the Claimant.

8

# Exhibit 2



Our ref: APL/LEN1.1
Your ref: 450/PMJ/10295.0040

26 July 2019

Bristows LLP
100 Victoria Embankment
London
EC4Y 0DH
DX269 London (Chancery Lane)

**By DX**
**Confirmation by Email (nicholas.round@bristows.com)**

Dear Sirs

**IPCom GMBH & Co. KG v (1) Lenovo Technology (United Kingdom) Limited, (2) Motorola Mobility UK Ltd**
**HP-2019-000024**

We refer to your letters dated 4 July 2019 to our clients, our letter dated 18 July 2019, the email dated 19 July 2019 from Nicholas Round of your firm to Anup Shah and Jennifer Salinas and the email from Nicholas Round to us dated 19 July 2019.

**The requested Undertakings and the US proceedings**

We refer to the proposed undertakings set out at paragraph 22 of your client's Particulars of Claim (the **Undertakings**) that you claim that IPCom is entitled to and are requesting our clients to provide. We note that you initially asked our clients to provide the Undertakings by 18 July 2019 and that you have now offered to extend this "deadline" until 19 August 2019 provided that our clients confirm that they will serve their Defence on that date.

We are considering the Undertakings with our clients, but at this stage we do not accept that it is necessary for our clients to respond in relation to the Undertakings prior to the service of their Defence, especially as Undertaking (c) refers to FRAND being determined in the UK proceedings but, as matters currently stand, no party has advanced a positive case on FRAND which would require FRAND to be determined by the UK court. Further, there is a significant lack of clarity in relation to the Undertakings, as explained below, which needs to be resolved before our client would be in a position to consider them.

In any event, it is clear from the US proceedings to which you refer in paragraph 19 of your client's Particulars of Claim that Lenovo (United States) Inc. and

Powell Gilbert LLP
85 Fleet Street
London
EC4Y 1AE

T +44 (0)20 3040 8000
F +44 (0)20 3040 8001
DX 358 London/Chancery Lane

W www.powellgilbert.com

Partners
Simon Ayrton
Zoë Butler
Peter Damerell
Penny Gilbert
Bethan Hopewell
Siddharth Kusumakar
Ari Laakkonen
Tim Powell
Tim Whitfield
Alex Wilson

Powell Gilbert LLP is registered in England and Wales as a limited liability partnership with registered number OC325818. It is regulated by the Solicitors Regulation Authority. The registered office is 85 Fleet Street, London EC4Y 1AE. We use the word partner to refer to a member of Powell Gilbert LLP.

2834287



Motorola Mobility, LLC have asked the US District Court for the Northern District of California (the **US Court**) to:

- "*adjudge and decree that Plaintiffs* [in the US case] *and all of their worldwide affiliates are entitled to a license from IPCom for any and all patents IPCom deems "essential" and/or has declared "essential" to the 2G, 3G, and/or 4G standards under FRAND terms and conditions pursuant to IPCom's obligations to ETSI*", and

- "*adjudge, set and decree the FRAND terms and conditions to which Plaintiffs* [in the US case] *are entitled under IPCom's obligations to ETSI for a license to IPCom's 3G, 3G, and 4G SEPs,* **so that Plaintiffs may obtain a FRAND license on those terms**." (emphasis added)

This is a clear, express, pleaded willingness to obtain a FRAND licence on terms decided by the US Court, and consequently paragraph 20 of the Particulars of Claim mischaracterises the positions of the Plaintiffs in the US case.

We note also that your client has not committed to entering into a licence on terms decided by the US Court. Indeed, we understand that on 2 July 2019 (i.e. the same date that your client issued these UK proceedings) your client filed a motion in the US proceedings requesting those proceedings to be dismissed for lack of personal jurisdiction. Regrettably, this was not mentioned in the UK Particulars of Claim. We cannot see how your client's actions in the US proceedings could be consistent with the proposed Undertakings or its stance in these UK proceedings, especially as Undertakings (b) and (c) suggest that your client would be content for the FRAND terms to be determined by the US Court.

We note that in paragraph 21 of the Particulars of Claim you state that your client is "*content for any Court of competent jurisdiction to determine the terms of a FRAND licence between the Claimant and the Defendants (or any other Lenovo entity where the licence includes the Defendants' acts complained of herein)*". Please would you now confirm whether your client accepts that the US Court is a "*court of competent jurisdiction*" to determine the terms of a FRAND licence. If not, please explain why the determination of FRAND by the US Court is proposed in Undertaking (b).

As to the timing of providing our clients' Defence, given the issues raised in the proceedings, the history of the litigation regarding the patent in suit and the lack of availability of barristers during August, we anticipate that it will be necessary to seek an extension of time beyond 19 August 2019. We will keep this under review and seek such an extension in due course if it proves to be necessary.

**Administrative matters**

In order to ensure this case is dealt with in a reasonable manner:

1. Please send copies of correspondence to us by email to LEN1.1@powellgilbert.com, together with a hard copy version. Please note that we do not accept service of documents by email (but we would be grateful to receive electronic copies of documents that are served).

2834287

Case 5:19-cv-01389-EJD   Document 27-3   Filed 08/13/19   Page 17 of 19



2. The email from Nicholas Round to us on 19 July at 14:20 included substantive correspondence in the body of an email. Please ensure that all substantive communications are sent to us by letter, rather than in the body of an email.

3. We are aware that Nicholas Round sent an email directly to Anup Shah and Jennifer Salinas on 19 July 2019 – i.e. after you received our letter dated 18 July 2019 stating that we had been instructed in relation to these proceedings. Whilst we appreciate the email was sent in response to an email from Anup Shah to your firm before we were instructed, it was sent after you became aware of our representation of the defendants in these proceedings. Please do not send further communications from your firm directly to our client representatives in connection with these proceedings. To be clear, we of course do not object to direct correspondence between IPCom's business representatives and our clients' business representatives (to negotiate a FRAND licence, for example).

Yours faithfully

*Powell Gilbert LLP*

**Powell Gilbert LLP**

2834287

# Exhibit 3

# Bristows

Bristows LLP
100 Victoria Embankment
London EC4Y 0DH

T  +44 20 7400 8000

bristows.com

Powell Gilbert LLP
85 Fleet Street
London
EC4Y 1AE

Our ref:  450/PMJ/10295.0040
Your ref:  APL/LEN1.1

9 August 2019

DX: 358 London/Chancery Lane

By email LEN1.1@powellgilbert.com and by DX

Dear Powell Gilbert

**HP-2019-000024: IPCom GmbH & Co. KG v (1) Lenovo Technology (United Kingdom) Limited, (2) Motorola Mobility UK Ltd**

We refer to your letter dated 26 July 2019 and the proposed undertakings set out at paragraph 22 of IPCom's Particulars of Claim (the "**Undertakings**").  We disagree with your assertion that there is a lack of clarity in the Undertakings or that Lenovo's position in the US Proceedings was mischaracterised in paragraph 20 of IPCom's Particulars of Claim.

Your letter refers to a "*clear, express, pleaded willingness to obtain a FRAND licence on terms decided by the US Court*" in the US Proceedings but, as set out in paragraph 20 of IPCom's Particulars of Claim, this in no way amounts to confirmation that Lenovo will undertake to enter into any licence determined as FRAND by the US Court or at all.  Indeed, if Lenovo's pleaded position did amount to such a confirmation, it would only highlight the inexplicability of Lenovo's apparent reluctance to enter into the Undertakings.

Further to the other points in your letter, and for the avoidance of doubt, we confirm that IPCom is content for the terms of a FRAND licence to be set by any competent court if it can do so in a timely manner (a point you selectively omit from the quotations of IPCom's pleadings set out in your letter).

As things stand, IPCom does not believe that the US Court can or will establish the terms of a FRAND licence in a timely manner further to the filing of the US Proceedings, and is seeking to resolve that issue through its application to the US court. However, if Lenovo truly is a willing licensee, this application is no reason for Lenovo not to provide the Undertakings which are simply aimed at ensuring that the FRAND terms will be determined by a competent court and in a timely manner.

Yours sincerely

*Bristows LLP*

**Bristows LLP**

32158619

Bristows LLP is a limited liability partnership registered in England and Wales, registered number OC358808, and is authorised and regulated by the Solicitors Regulation Authority. The word 'partner' used in relation to the LLP, refers to a member of Bristows LLP.
A list of the members of the LLP is available for inspection at the LLP's registered office, 100 Victoria Embankment, London EC4Y 0DH, United Kingdom.