STEPHEN J. AKERLEY (Bar No. 160757)
PHILIP C. DUCKER (Bar No. 262644)
ADRIAN KWAN (Bar No. 300032)
MINTZ LEVIN COHN FERRIS GLOVSKY
  AND POPEO P.C.
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Telephone:    (415) 432-6000
Facsimile:    (415) 432-6001
SJAkerley@mintz.com
PCDucker@mintz.com
AKwan@mintz.com

*Attorneys for Defendant*
IPCom GmbH & Co. KG

UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LENOVO (UNITED STATES) INC. and MOTOROLA MOBILITY, LLC,<br><br>                    Plaintiffs,<br><br>          v.<br><br>IPCom GmbH & Co. KG,<br><br>                    Defendant. | Case No.  5:19-cv-01389-EJD<br><br>**NOTICE AND MOTION FOR PROTECTIVE ORDER AND STAY**<br><br>DATE:     January 23, 2020<br>TIME:      9:00 a.m.<br>CTRM:    Courtroom 1, 5th Floor<br>JUDGE:   The Honorable Edward J. Davila<br><br>Complaint Filed: March 14, 2019<br>Trial Date:  TBD |

# TABLE OF CONTENTS

**Page(s)**

I. INTRODUCTION ........................................................................................................... 1

II. BACKGROUND ............................................................................................................. 1

III. LEGAL STANDARD ...................................................................................................... 3

IV. ARGUMENT .................................................................................................................. 5

  A. This Court Should Issue a Protective Order Precluding Discovery For a Limited Period of Time .......................................................................................... 5

  B. This Court Should Alternatively Stay Discovery Pending the Resolution of the Motion to Dismiss ............................................................................................ 8

    1. IPCom's Motion to Dismiss Is Case Dispositive ........................................ 8

    2. Jurisdictional Discover is Improper ........................................................... 9

    3. A Preliminary Peek of the Motion to Dismiss Supports A Stay ................ 11

V. CONCLUSION ............................................................................................................. 12

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Advanced Semiconductor Prods. v. Tau Labs., Inc.*,
   Civil Action No. 83-20412 RPA, 1986 U.S. Dist. LEXIS 30101
   (N.D. Cal. Jan. 23, 1986) ................................................................................................ 11

*Altman v. HO Sports Co.*,
   No. 1:09-CV-1000 AWI JLT, 2010 U.S. Dist. LEXIS 133280
   (E.D. Cal. Dec. 2, 2010) .................................................................................................... 5

*Am. W. Airlines, Inc. v. GPA Grp., Ltd.*,
   877 F.2d 793 (9th Cir. 1989) ........................................................................................... 10

*Boschetto v. Hansing*,
   539 F.3d 1011 (9th Cir. 2008) ..................................................................................... 7, 10

*Bristol-Myers Squibb Co. v. Superior Court*,
   137 S. Ct. 1773 (2017) ...................................................................................................... 6

*Bush v. Vaco Tech. Servs., LLC*,
   No. 17-CV-05605-BLF, 2018 U.S. Dist. LEXIS 30753 (N.D. Cal. Feb. 26, 2018) ............... 7, 11

*Carter v. Oath Hldgs., Inc.*,
   No. 17-cv-07086-BLF, 2018 U.S. Dist. LEXIS 104510 (N.D. Cal. June 21, 2018) .............. 8, 11

*Electronics for Imaging, Inc. v. RAH Color Techs. LLC*,
   No. 18-cv-01612-WHO, 2018 U.S. Dist. LEXIS 182769 (N.D. Cal. Oct. 24, 2018) ................. 10

*Expert Microsystems v. Univ. of Chi.*,
   No. 2:09-cv-0586 WBS JFM, 2009 U.S. Dist. LEXIS 61848 (E.D. Cal. July 2, 2009) ............... 4

*GemCap Lending I, Ltd. Liab. Co. v. Grow Mich. Ltd. Liab. Co.*,
   No. 2:17-CV-07092-DDW (AS), 2018 U.S. Dist. LEXIS 15989 (C.D. Cal. Jan. 31, 2018) ......... 7

*Hamilton v. Rhoads*,
   No. C 11-0227 RMW (PR), 2011 U.S. Dist. LEXIS 123494 (N.D. Cal. Oct. 25, 2011) ........... 11

*In re Convergent Techs. Sec. Litig.*,
   108 F.R.D. 328 (N.D. Cal. 1985) ...................................................................................... 6, 11

*In re Hayes*,
   465 F. App'x 684 (9th Cir. 2012) ......................................................................................... 3

*In re Nexus 6p Prods. Liab. Litig.*,
   No. 17-cv-02185-BLF, 2017 U.S. Dist. LEXIS 132698 (N.D. Cal. Aug. 18, 2017) ....... 4, 6, 8, 10

# TABLE OF AUTHORITIES
### (*Continued*)

**Page(s)**

**FEDERAL CASES**

*InfoSpan, Inc. v. Emirates NBD Bank PJSC*,
   903 F.3d 896 (9th Cir. 2018)................................................................................7

*Jarvis v. Regan*,
   833 F.2d 149 (9th Cir. 1987)................................................................................4

*Landis v. North Am. Co.*,
   299 U.S. 248 (1936)............................................................................................3

*Little v. Seattle*,
   863 F.2d 681 (9th Cir. 1988)................................................................................3

*Malico Inc. v. Cooler Master USA, Inc.*,
   No. C 09-732RAJ, 2010 U.S. Dist. LEXIS 146601 (W.D. Wash. July 9, 2010)..........................4

*Med. Sols., Inc. v. C Change Surgical LLC*,
   541 F.3d 1136 (Fed. Cir. 2008)............................................................................4

*Nelson v. Capital One Bank*,
   206 F.R.D. 499 (N.D. Cal. 2001)..........................................................................3

*Orchid Biosciences, Inc. v. St. Louis. Univ.*,
   198 F.R.D. 670 (S.D. Cal. Jan. 11, 2001)..........................................................5, 6

*Pac. Lumber Co v. Nat'l Union Fire Ins. Co*,
   220 F.R.D. 349 (N.D. Cal. 2003)..........................................................................4

*Tradebay, LLC v. eBay, Inc.*,
   278 F.R.D. 597 (D. Nev. 2011).......................................................................9, 10, 11

*Twin City Fire Ins. Co. v. Empls Ins. of Wausau*,
   124 F.R.D. 652 (D. Nev. 1989)............................................................................4

*Wells Fargo & Co. v. Wells Fargo Express Co.*,
   556 F.2d 406 (9th Cir. 1977)................................................................................7

*World-Wide Volkswagen Corp. v. Woodson*,
   100 S. Ct. 559 (1980)..........................................................................................8

*Wyatt v. Kaplan*, 686 F.2d 276 (5th Cir. 1982)); *see also Jarvis v. Regan*, 833 F.2d
   149, 155 (9th Cir. 1987) ....................................................................................4

*Yiren Huang v. Futurewei Techs., Inc.*,
   No. 18-cv-00534-BLF, 2018 U.S. Dist. LEXIS 71429 (N.D. Cal. Apr. 27, 2018) ....................11

-iii-

# TABLE OF AUTHORITIES
### (*Continued*)

**Page(s)**

**STATUTES**

Fed. R. Civ. Proc. 26 .................................................................................................................... 3, 5, 6

Fed. R. Civ. Proc. 1 ........................................................................................................................... 11

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2          PLEASE TAKE NOTICE THAT on Thursday, January 23, 2020 at 9:00 a.m., Defendant

3  IPCom GmbH & Co. KG will and hereby does move this Court for a Motion for Protective Order

4  and Stay.  This Motion is based on the Notice of Motion and Motion; the Declaration of Adrian

5  Kwan with Exhibits; the [Proposed] Order and all pleadings, papers, and records in this action; and

6  upon such oral and documentary evidence or argument as may be presented at or before any hearing

7  of this Motion.

8  Dated: October 23, 2019                           Respectfully Submitted,
                                                      MINTZ LEVIN COHN FERRIS GLOVSKY AND
9                                                     POPEO, P.C.

10

11                                                    /s/ Adrian Kwan
                                                      By:     Stephen Akerley
12                                                            Philip C. Ducker
                                                              Adrian Kwan
13
                                                      Attorneys for Defendant, IPCom GmbH & Co. KG
14

15                          **RELIEF REQUESTED**

16          IPCom requests that the Court enter IPCom's proposed order granting Defendant IPCom

17  GmbH & Co. KG's Motion for Protective Order and Stay, attached hereto.

18                  **STATEMENT OF ISSUES TO BE DECIDED**

19          Whether IPCom's Motion for Protective Order and Stay should be granted to ensure

20  preservation of IPCom's constitutional due process protections and to shield IPCom from

21  annoyance, embarrassment, oppression, or undue burden or expense.

22          **IPCOM'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 26(c)(1)**

23          IPCom hereby certifies that it has in good faith conferred with Plaintiffs in an effort to resolve

24  the issue described immediately above without Court action.  IPCom's efforts to resolve this dispute

25  without court intervention are described in the Declaration of Adrian Kwan, ¶¶ 6-8, submitted

26  herewith.

27

28

I.     **INTRODUCTION**

Forcing a foreign entity that has challenged personal jurisdiction to substantively participate in discovery while a case dispositive jurisdictional issue is pending is antithetical to the due process protections of the Constitution that form the very basis of the challenge.  Yet, Plaintiffs have served broad interrogatories and requests for production on virtually every substantive issue raised in this case and have taken the unyielding position that discovery is open and there is nothing IPCom can do about it.  Plaintiffs' position, if accepted as true, would mean that every time a court docket results in a delay in hearing a jurisdictional challenge, a foreign company with no contacts with the US is nevertheless required to substantively appear and fully participate in the litigation without regard to that company's due process rights.  Plaintiffs are, of course, wrong but have nevertheless refused to proceed in a reasonable manner.  There is no schedule set in this case, and the Court moved the first case management conference to January 9, 2020, but Plaintiffs still refused to give IPCom even a short delay to respond to discovery while the Court hears and decides IPCom's Motion to Dismiss for Lack of Personal Jurisdiction.  Plaintiffs' obstinance has forced IPCom to bring this motion for protective order and to seek the Court's assistance in upholding constitutional due process protections.

II.    **BACKGROUND**

IPCom GmbH & Co. KG ("IPCom") is a foreign intellectual property consulting, R&D, and licensing company organized and existing under the laws of Germany with its principal place of business at Zugspitzstraße 15, Pullach Germany 82049.  In its twelve years of operation, IPCom has never filed an original legal action in the United States voluntarily or affirmatively. Over the entire course of IPCom's existence, it has appeared twice in U.S. proceedings solely for the purpose of responding to claims for declaratory judgment.

For the reasons stated in IPCom's Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 18, 38)[1], IPCom is not subject to personal jurisdiction in this forum or in the United States.  The Court will hear IPCom's Motion to Dismiss for Lack of Personal Jurisdiction in a mere three weeks

---

[1] Citations to the Court Docket are for the above captioned matter unless otherwise specified.

on November 14, 2019.

On September 18, 2019, Plaintiffs filed a motion for anti-suit injunction also noticed for hearing on November 14, 2019. ECF No. 40. Plaintiffs have already succeeded in forcing IPCom to respond to the anti-suit injunction motion that seeks to enjoin IPCom from litigating any of its patents anywhere in the world. *See id.*

Following completion of the parties' briefing on IPCom's motion to dismiss and the joint submission of the Case Management Conference Statement, the Court, *sua sponte*, reset the Initial Case Management Conference from September 12, 2019 until January 9, 2020. In conjunction with that rescheduling, the Court specifically informed the parties that it wanted a new Initial Case Management Statement. Ignoring these facts and the imminent hearing on IPCom's jurisdictional challenge, Plaintiffs served their First Set of Interrogatories and Requests for Production to IPCom on October 4, 2019.

In an effort to avoid potentially unnecessary motion practice, IPCom asked Plaintiffs to agree to postpone any discovery only until the issue of personal jurisdiction is resolved. Plaintiffs have refused to take this reasonable approach, instead insisting that they are free to force IPCom to respond to discovery without regard for the substantial due process considerations raised by IPCom's jurisdictional challenge. IPCom then asked for a 30-day extension to respond so that the parties could raise the issue with the Court at the hearing set for November 14, 2019, and avoid motion practice. Plaintiffs, however, refused to agree to even this limited extension.

Plaintiffs, who do not dispute that they have successfully avoided taking a license for almost five years, cannot possibly articulate any urgent need for the broad discovery sought nor any prejudice in delaying discovery pending the Court's decision regarding jurisdiction. Indeed, Plaintiffs' discovery requests now pending serve no purpose but to annoy, harass, oppress, and burden IPCom. Furthermore, to the extent Plaintiffs' discovery requests are drawn to issue of jurisdiction, they are engaging in improper self-help. Plaintiffs recognized that discovery should not proceed when they asked the Court to permit jurisdictional discovery as alternate relief when they opposed IPCom's motion to dismiss. Moreover, both parties agreed that the case should not proceed substantively when

they agreed to postpone the exchange of initial disclosures and discuss with the Court a stay of discovery.  ECF No. 31 ("Joint Case Management Statement") at p. 9 § 7 (parties agreeing to extend deadline for Initial Disclosures until after the Initial Case Management Conference and "pending the Court's guidance as to the disputed issue of a discovery stay.").

Plaintiffs have now changed their position, seemingly intent upon doing whatever they can to run up costs and attorneys' fees for IPCom, a foreign party not subject to personal jurisdiction.  In order to stem any further increase in those unnecessary costs, IPCom seeks a protective order asking for relief from discovery until the date on which the Court has ruled on the pending Motion to Dismiss for Lack of Personal Jurisdiction.

### III.    LEGAL STANDARD

District courts "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" including through "forbidding the disclosure or discovery" or "specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery."  Fed. R. Civ. P. 26(c).  A "party responding to *written* discovery may either object properly or seek a protective order."  *Nelson v. Capital One Bank*, 206 F.R.D. 499, 500 (N.D. Cal. 2001) (internal quotation and citations omitted); *see also* Fed. R. Civ. P. 33(a) advisory committee's note to 1970 amendment ("As is true under existing law, the responding party who believes that some parts or all of the interrogatories are objectionable may choose to seek a protective order under new Rule 26(c) or may serve objections under this rule.").

Courts also have broad discretion to manage their own docket, including the ability to stay proceedings.  *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Little v. Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery. Such rulings will not be overturned unless there is a clear abuse of discretion.").  The Ninth Circuit has upheld stays to discovery due to pending dispositive motions where "discovery could not have affected" the pending decision, noting that such a stay "furthers the goal of efficiency for the court and litigants."

1  *Id.*; *see also In re Hayes*, 465 F. App'x 684, 685 (9th Cir. 2012).

2       Courts in the Northern District of California apply a two-prong test in determining whether

3  discovery should be stayed.  *See Pac. Lumber Co v. Nat'l Union Fire Ins. Co*, 220 F.R.D. 349, 351

4  (N.D. Cal. 2003).  The first prong contemplates whether a pending motion is potentially dispositive

5  of the entire case, or at least dispositive toward an issue at which the discovery is directed.  *Id.* at 351.

6  The second prong requires the Court determine whether the pending motion can be decided absent

7  discovery.  *Id.*  In applying this two factor test, the Court must take a "preliminary peek" at the merits

8  of the pending dispositive motion to assess whether a stay is warranted.  *In re Nexus 6p Prods. Liab.*

9  *Litig.*, No. 17-cv-02185-BLF, 2017 U.S. Dist. LEXIS 132698, at *5 (N.D. Cal. Aug. 18, 2017).

10      A limited stay of discovery is especially appropriate "when jurisdiction, venue, or immunity

11  are preliminary issues."  *Twin City Fire Ins. Co. v. Empls Ins. of Wausau*, 124 F.R.D. 652, 653 (D.

12  Nev. 1989) (citing *Wyatt v. Kaplan*, 686 F.2d 276 (5th Cir. 1982)); *see also Jarvis v. Regan*, 833 F.2d

13  149, 155 (9th Cir. 1987) (holding the district court did not abuse its discretion in staying discovery

14  pending a motion to dismiss).

15      The Federal Circuit has held that a party seeking jurisdictional discovery must make a prima

16  facie showing prior to the Court allowing such discovery to proceed.  *Med. Sols., Inc. v. C Change*

17  *Surgical LLC*, 541 F.3d 1136, 1142 (Fed. Cir. 2008) ("Nor is there anything in the complaint or MSI's

18  response to the motion to dismiss that make out a prima facie showing of jurisdiction sufficient to

19  require that MSI be ***permitted*** to conduct jurisdictional discovery.") (emphasis added).  Jurisdictional

20  discovery is permissive not mandatory.  *Expert Microsystems v. Univ. of Chi.*, No. 2:09-cv-0586

21  WBS JFM, 2009 U.S. Dist. LEXIS 61848, at *1 (E.D. Cal. July 2, 2009) ("Courts are afforded a

22  significant amount of leeway in deciding whether parties ***may*** conduct discovery relating to

23  jurisdictional issues while a motion to dismiss is pending.") (internal citation omitted) (emphasis

24  added); *see also Malico Inc. v. Cooler Master USA, Inc.*, No. C 09-732RAJ, 2010 U.S. Dist. LEXIS

25  146601, at *7 (W.D. Wash. July 9, 2010) ("Plaintiff overstates its rights, as the granting of additional

26  discovery is discretionary.").

27      Whether in the form of a protective order or a brief stay of discovery, the Court should protect

28

-4-

IPCom's due process rights and prevent Plaintiffs' attempts to force IPCom's substantive participation in this case at this time.

## IV.   ARGUMENT

### A.   This Court Should Issue a Protective Order Precluding Discovery for a Limited Period of Time

In addition to the grounds previously raised by IPCom in its Motion to Dismiss for Lack of Personal Jurisdiction, good cause exists for the Court to issue a protective order here.  First, the parties understood the benefit of and have already agreed to a partial postponement to discovery, namely initial disclosure requirements under Fed. R. Civ. P. 26(a)(1).  ECF 31, Joint Case Management Statement  at p. 9 § 7 ("Thus, the Parties have agreed for now to an extension of the deadline to serve Initial Disclosures until four weeks after the Case Management Conference (i.e., October 10, 2019), and ***pending the Court's guidance as to the disputed issue of a discovery stay***.") (emphasis added). The Court has not yet provided any guidance as to the dispute issue of a discovery stay, nor has it granted Plaintiffs' ***pending request for permission*** to conduct jurisdictional discovery.  A short postponement for IPCom to respond to Plaintiffs' requests will not prejudice Plaintiffs – as evidenced by their agreement to forego the exchange of initial disclosures.

Second, IPCom has not yet and may never have to file an answer or counterclaims.  However, Plaintiffs seek discovery regarding, among other things, IPCom's contentions and defenses.  The Federal Rules of Civil Procedure are clear that a party cannot seek discovery on unpled claims.  Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…."); *see also Altman v. HO Sports Co.*, No. 1:09-CV-1000 AWI JLT, 2010 U.S. Dist. LEXIS 133280, at *6 (E.D. Cal. Dec. 2, 2010) ("[N]ot only was HOS under no obligation to conduct discovery on unpled causes of action, but the federal rules would prohibit such discovery.").  Again, Plaintiffs are not entitled to any discovery and certainly not discovery that is undeniably premature.

Third, the Court has not yet entered a schedule.  The Case Management Conference has been continued until January 9, 2020.  ECF. No. 32.  The parties' new Joint Case Management Statement

is not due until December 30, 2019.  *Id.*  The case dispositive Motion to Dismiss for Lack of Personal Jurisdiction will be heard on November 14, 2019, in approximately three weeks from the filing of the instant motion.  *See* ECF No. 18.  Given the procedural posture of this case, Plaintiffs cannot credibly claim any need for the discovery nor any prejudice resulting from the modest delay sought by IPCom.

Fourth, should the Court ultimately grant IPCom's motion to dismiss, the parties will have wasted significant time and resources responding to pointless discovery.  *Orchid Biosciences, Inc. v. St. Louis. Univ.*, 198 F.R.D. 670, 675 (S.D. Cal. Jan. 11, 2001) ("Should Defendant prevail on its motion to dismiss, any effort expended in responding to merits-related discovery would prove to be a waste of both parties' time and resources.").  Discovery is undeniably expensive and burdensome.  *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985) ("Discovery is not now and never was free.  Discovery is expensive.").  That heavy burden should never be borne by foreign companies, like IPCom, with no meaningful contacts with the US.  *See Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780 (2017) (noting the "primary concern" of exercising personal jurisdiction is "the burden on the defendant" and requires the Court "consider the practical problems resulting from litigating in the forum" and "the more abstract matter of submitting to the coercive power of a State that may have little legitimate interest in the claims in question.").

Fifth, the Court has voided the Initial Case Management Statement and the parties will be required to meet and confer again "as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)."  Fed. R. Civ. P. 26(f)(1).  Plaintiffs' discovery requests are, therefore, premature under the basic operation of the Federal Rules of Civil Procedure and will be the topic of a future discussion with the Court.

Finally, Plaintiffs will suffer no prejudice from a limited stay of discovery.  As noted above, the Court has yet to set any schedule in the case.  Courts in this district have found no prejudice to plaintiffs in similar situations.  *See In re Nexus 6p Prods.. Liab. Litig.*, 2017 U.S. Dist. LEXIS 132698 at *7-8 ("Therefore, this limited stay of discovery does not unduly prejudice Plaintiffs, and allows all parties to commence discovery with a better understanding of which claims, if any, they must answer.").  And, any alleged prejudice can be remedied by the Court when it sets the schedule in this

1   matter.  *Orchid*, 198 F.R.D. at 675 ("Should Defendant's motion be denied, however, Plaintiff will

2   still have ample time and opportunity to conduct discovery on the merits.").

3       In contrast, the prejudice and burden to IPCom is severe and undue, having to respond to

4   discovery on overbroad allegations which will not proceed.[2]  *Bush v. Vaco Tech. Servs., LLC*, No.

5   17-CV-05605-BLF, 2018 U.S. Dist. LEXIS 30753, at *3 (N.D. Cal. Feb. 26, 2018) (staying case and

6   ordering submission of stipulated pre-trial schedule upon resolution of case dispositive motion).

7   Requiring a foreign entity who is not subject to personal jurisdiction in the United States to respond

8   to burdensome and harassing discovery does not serve the interest of justice.  *See, e.g., Boschetto v.*

9   *Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (finding no abuse of discretion where a district court

10  denied jurisdictional discovery "based on little more than a hunch"); *Wells Fargo & Co. v. Wells*

11  *Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir. 1977) (noting a district court's refusal to provide

12  jurisdictional discovery "will not be reversed except upon the clearest showing that denial of

13  discovery results in actual and substantial prejudice to the complaining litigant.").  Moreover, the

14  discovery requested by Plaintiffs is not related to any contested jurisdictional fact, and the Court has

15  not yet ruled on whether Plaintiffs have even satisfied the threshold requirement to even be entitled

16  to limited, jurisdictional discovery.  *See GemCap Lending I, Ltd. Liab. Co. v. Grow Mich. Ltd. Liab.*

17  *Co.*, No. 2:17-CV-07092-DDW (AS), 2018 U.S. Dist. LEXIS 15989, at *14 (C.D. Cal. Jan. 31, 2018)

18  ("At a minimum, the plaintiff must establish a colorable or prima facie showing of personal

19  jurisdiction before discovery should be permitted.") (internal citation omitted).

20      Ignoring their earlier agreement to await "the Court's guidance as to the disputed issue of a

21  discovery stay", Plaintiffs have decided to engage in self-help, serving burdensome and overbroad

22  discovery requests on IPCom.   Joint Case Management Statement at p. 9 § 7.   Despite the parties

23  having agreed to 30-day extensions for motion practice in the past, Plaintiffs for the first time

24  conditioned an extension to respond to these discovery requests only to the extent IPCom was willing

---

[2] Moreover, Plaintiffs' attempt to force IPCom to substantively participate in the case presents a
potential risk of waiver of personal jurisdiction to IPCom.  *See, e.g., InfoSpan, Inc. v. Emirates*
*NBD Bank PJSC*, 903 F.3d 896, 901 (9th Cir. 2018) (holding the district court abused its discretion
by finding waiver of personal jurisdiction but only after the defendant had already endured seven
years of litigation).

to risk waiver as to the disputed issue of whether discovery could commence.  *See* Exhibit A, p. 3 to Declaration of Adrian Kwan ("Kwan Decl.") (conditioning extension only if IPCom provided "substantive discovery responses from IPCom, as opposed to receiving responses consisting mainly of objections" and refusing to provide IPCom with a limited extension so that the parties could seek the Court's guidance before Judge Davila at the November 14, 2019 hearing.).

Given the early stage of this proceeding, the parties' agreement to seek guidance from the Court on whether discovery should commence, the lack of a schedule, and the Court's imminent hearing on the threshold issue of personal jurisdiction, the only purpose of Plaintiffs' discovery demands is to annoy, harass, oppress, and burden IPCom.  Discovery serve for that limited purpose should not be permitted and the Court should grant IPCom a protective order.

### B.    This Court Should Alternatively Stay Discovery Pending the Resolution of IPCom's Motion to Dismiss

### 1.    IPCom's Motion to Dismiss Is Case Dispositive

Courts in the Northern District of California recognize that "a threshold personal jurisdictional challenge to Plaintiffs' claims [] could be dispositive of, or drastically alter, [Defendant's] continued involvement in this case."  *In re Nexus 6p Prods. Liab. Litig.*, 2017 U.S. Dist. LEXIS 132698 at *5-6.  Plaintiffs cannot deny that if IPCom succeeds in its Motion to Dismiss for Lack of Personal Jurisdiction, this case will be dismissed in its entirety.

IPCom's motion to dismiss is dispositive as to all claims.  *See* ECF No. 18 ("IPCom's Mot."), at p. 18 ("IPCom respectfully asks that the Court dismiss the complaint in its entirety for lack of personal jurisdiction."); *Carter v. Oath Hldgs., Inc.*, No. 17-cv-07086-BLF, 2018 U.S. Dist. LEXIS 104510, at *10 (N.D. Cal. June 21, 2018) ("Defendant's motion is dispositive because every claim in the complaint is subject to dismissal."); *In re Nexus 6p Prods. Liab. Litig.*, 2017 U.S. Dist. LEXIS 132698 at * 6 ("The Court need not determine whether it has personal jurisdiction over Huawei at this stage ... [r]ather, the Court is satisfied that the personal jurisdiction argument is potentially dispositive of the entire case as to Huawei.") (internal citations omitted).  If this Court finds that it cannot lawfully exercise specific personal jurisdiction over IPCom, then Plaintiffs' entire complaint

must be dismissed.  *See World-Wide Volkswagen Corp. v. Woodson*, 100 S. Ct. 559, 564 (1980) ("The Due Process Clause of the Fourteenth Amendment limits the power of a state court to render a valid personal judgment against a nonresident defendant. A judgment rendered in violation of due process is void in the rendering State is not entitled to full faith and credit elsewhere.") (internal citations omitted).

### 2.     Jurisdictional Discovery is Improper

Plaintiffs admit that IPCom's Motion to Dismiss for Lack of Personal Jurisdiction can be "easily" resolved without any jurisdictional discovery.  *See, e.g.*, ECF 27, Lenovo's Opp., at p. 25 (noting that "the current record is easily sufficient" despite requesting broad and unrestrained jurisdictional discovery).  Plaintiffs' opposition brief devoted a mere page to the discussion of grossly overbroad jurisdictional discovery it asked the Court to permit.  ECF 27, Lenovo's Opp. at pp. 24-25.  Importantly, Plaintiffs opted not to seek relief to amend their complaint to allege additional jurisdictional facts.  *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 607 (D. Nev. 2011) ("As indicated, Plaintiff's opposition to the motion to dismiss does not request leave to amend the amended complaint to allege additional jurisdictional facts.").  These failures may be the impetus behind Plaintiffs' current self-help efforts.

### 3.     Plaintiffs' Discovery Requests Are Unrelated to the Proper Exercise of Specific Jurisdiction

Plaintiffs' current discovery requests are not even veiled to appear limited to jurisdictional matters.  IPCom's Reply, pp. 14-15.  Rather, Plaintiffs are asking for discovery related to virtually every issue that may arise in this case.  The following are exemplary only:

**REQUEST FOR PRODUCTION NO. 5:**

All documents and communications related to the purported essentiality of patents owned by IPCom to the standards-at-issue, including, but not limited to, the process by which IPCom determines, evaluates, and documents the purported essentiality of any particular patent owned by IPCom to any standard-at-issue, and the results of any such determination or evaluation (e.g., claim charts).

1 | Kwan Decl., Exhibit B, at p. 8.

2 |     **INTERROGATORY NO. 2:**

3 |     Describe in as much detail as possible the process through which IPCom evaluates the

4 | essentiality of patents in its portfolio vis-à-vis the standards-at-issue. To be clear and

5 | to avoid any doubt, the scope of this interrogatory covers (but is not limited to)

6 | identifying any policies, procedures, and/or principles relied upon by IPCom to conduct

7 | such an evaluation, the results of any such evaluation and any documents related

8 | thereto, any external parties used or relied upon to conduct such an evaluation and their

9 | manner of compensation, and the person(s) most knowledgeable about the foregoing

10 | subject matter.

11 | Kwan Decl., Exhibit C, at p. 9.[3]

12 |     Such broad and unfocused discovery requests are frequently denied by the courts even

13 | in the absence of a case-dispositive motion. *Am. W. Airlines, Inc. v. GPA Grp., Ltd.*, 877 F.2d

14 | 793, 801 (9th Cir. 1989) (affirming denial of jurisdictional discovery where the "document

15 | requests and interrogatories to Aerlinte and the other defendants were largely unrelated to the

16 | facts central to the jurisdictional issues."); *Electronics for Imaging, Inc. v. RAH Color Techs.*

17 | *LLC*, No. 18-cv-01612-WHO, 2018 U.S. Dist. LEXIS 182769, at *19 (N.D. Cal. Oct. 24, 2018)

18 | ("[A] court can deny jurisdictional discovery 'when it is clear that further discovery would not

19 | demonstrate facts sufficient to constitute a basis for jurisdiction.'"). Moreover, Plaintiffs'

20 | discovery requests are properly denied because they are admittedly "based on little more than

21 | a hunch that it might yield jurisdictionally relevant facts." *Boschetto, v. Hansing*, 539 F.3d at

22 | 1020; *see also* ECF 27, Lenovo's Opp. at p. 25 (claiming "[s]uch discovery would ***likely***

23 | establish" various boilerplate allegations replicated from Plaintiffs complaint) (emphasis

24 | added).

25 |     Moreover, for the reasons stated in IPCom's Motion to Dismiss for Lack of Personal

26 |

27 | [3] Exhibit C does not contain individual page numbers. The page number referenced means the page number of the pdf of Exhibit C, counting the cover sheet.

28 |

1   Jurisdiction, Plaintiffs have not and cannot establish a prima facie showing to support leave to take

2   jurisdictional discovery.

3   **4.      A Preliminary Peek of the Motion to Dismiss Supports a Stay**

4   In taking a "preliminary peek" at the merits of the underlying motion, the Court need only be

5   "satisfied that the personal jurisdiction argument is potentially dispositive of the entire case…." *In*

6   *re Nexus 6p Prods. Liab. Litig.*, 2017 U.S. Dist. LEXIS 132698 at *6. This "preliminary peek" allows

7   the court "to evaluate the propriety of an order staying or limiting discovery with the goal of

8   accomplishing the objectives of Rule 1 [of the Federal Rules of Civil Procedure]." *Tradebay*, 278

9   F.R.D. at 602. Here, there can be no reasonable dispute as to the potential for the motion to dismiss

10  for lack of personal jurisdiction to dispose of the entire case.

11  Moreover, Rule 1 states that the "rules govern[ing] the procedure in all civil actions and

12  proceedings in the United States district courts … should be construed, administered, and employed

13  by the court and the parties to secure the just, speedy, and inexpensive determination of every action

14  and proceeding." Fed. R. Civ. P. 1. And, as courts in this district recognize, discovery is expensive

15  and burdensome. *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. at 331 ("Discovery is not now and

16  never was free. Discovery is expensive."); *Advanced Semiconductor Prods. v. Tau Labs., Inc.*, Civil

17  Action No. 83-20412 RPA, 1986 U.S. Dist. LEXIS 30101, at *7-8 (N.D. Cal. Jan. 23, 1986) (noting

18  "discovery is expensive, and time consuming….").

19  Courts in this district and others have granted such limited stays of discovery in light of similar

20  threshold challenges. *See, e.g.*, *Carter*, 2018 U.S. Dist. LEXIS 104510, at *11 (staying discovery

21  until defendants file an answer); *Hamilton v. Rhoads*, No. C 11-0227 RMW (PR), 2011 U.S. Dist.

22  LEXIS 123494, at *2 (N.D. Cal. Oct. 25, 2011) (granting a stay of discovery until disposition of the

23  motion to dismiss); *Yiren Huang v. Futurewei Techs., Inc.*, No. 18-cv-00534-BLF, 2018 U.S. Dist.

24  LEXIS 71429, at *11 (N.D. Cal. Apr. 27, 2018) (granting motion to stay pending resolution of motion

25  to dismiss for improper venue); *Bush v. Vaco Tech. Servs., LLC*, No. 17-cv-05605-BLF, 2018 U.S.

26  Dist. LEXIS 30753, at *3-4 (N.D. Cal. Feb. 26, 2018) (granting stay until defendants file an answer);

27  *see also Tradebay*, 278 F.R.D. at 608 (granting stay of discovery until the court ruled on the motion

28

-11-

1   to dismiss for lack of subject matter jurisdiction).

2   **V.      CONCLUSION**

3        Throughout the meet and confer process, Plaintiffs made no attempt to articulate any urgent

4   basis requiring immediate responses to their discovery requests.  Plaintiffs also failed to articulate

5   any prejudice resulting from waiting the short time until the Court resolve's IPCom's jurisdictional

6   challenge.  Instead, Plaintiffs have simply stated their conclusion – that discovery is open and they

7   are entitled to responses.  This inability to show any need or resulting prejudice, together with their

8   utter disregard for the facts and procedural posture of this case, compels the conclusion that Plaintiffs'

9   true goal is to harass IPCom as much as possible pending dismissal of their case.  IPCom respectfully

10  asks the Court for its assistance in granting an immediate protective order or, alternatively,

11  temporarily staying discovery until it renders a decision on IPCom's motion to dismiss.

12

13  Dated:  October 23, 2019                    Respectfully submitted,

14                                              MINTZ LEVIN COHN FERRIS GLOVSKY
15                                              AND POPEO P.C.

16                                              */s/ Adrian Kwan*
17                                              By:   Stephen J. Akerley
                                                      Philip C. Ducker
18                                                    Adrian Kwan

19                                              Attorneys for Defendant
20                                              IPCom GmbH & Co. KG

21

22

23

24

25

26

27

28