# EXHIBIT F



ATLAS JUSTICE
HUISSIERS DE JUSTICE

PUTEAUX – LA DÉFENSE          ANTONY

14, Terrasse Bellini          10, avenue de la Providence
92800 – Puteaux – La Défense          92160 - Antony
Tél: +33 (0)1 45 06 01 56          Tél: +33 (0)1 46 66 55 22

contact@atlas-justice.fr          www.atlas-justice.fr

# PROCÈS VERBAL DE SAISIE CONTREFACON

*L'AN DEUX MILLE DIX NEUF  et le SEIZE OCTOBRE*
*à partir de 9 heures 45*

## À LA DEMANDE DE :

**IPCom GmbH & Co. KG,** société de droit allemand ayant la forme d'une *Kommanditgesellschaft,* dont le siège social est Zugspitzstrasse 15, 82049 Pullach, Allemagne, immatriculée au registre des sociétés de Munich (Allemagne) sous le N° HRA 93950, représentée par son associé commandité IPCom Beteiligungs GmbH, société de droit allemand ayant la forme d'une *Gesellschaft mit beschränker Haftung,* dont le siège social est Zugspitzstrasse 15, 82049 Pullach, Allemagne, elle-même représentée par son *Geschäftsführer* (gérant) domicilié en cette qualité audit siège,

**<u>Ayant pour avocats</u>** :

SELAS BARDEHLE PAGENBERG
Agissant par Maître Julien Fréneaux
Avocat au Barreau de Paris
Demeurant 5 rue Boudreau – 75009 Paris

Elisant domicile en son Cabinet ainsi qu'en mon étude.

*Je,* **Frédéric DEBU***, Huissier de Justice Associé au sein de la Selarl ATLAS JUSTICE, Huissiers de Justice, près le Tribunal de Grande Instance de Nanterre, ayant son siège social à PUTEAUX (92800), 14 Terrasse Bellini et bureau annexe à ANTONY (92160), 10 avenue de la Providence, soussigné*

**<u>Agissant en vertu</u>** :

D'une requête aux fins de saisie contrefaçon déposée le  15 octobre 2019 devant Monsieur le Président du Tribunal de Grande Instance de PARIS et d'une ordonnance rendue par le Juge Gilles  BUFFET, agissant par délégation de Monsieur le Président du Tribunal de Grande Instance de Paris, en date du 15 octobre 2019.
Lesquelles requête et ordonnance ont été signifiées ce jour préalablement à mes opérations de saisie contrefaçon.

Me suis rendu ce jour  à 9 heures 45 au siège de la **Société MOTOROLA MOBILITY France**  20 rue des Deux Gares 92500 RUEIL MALMAISON

<u>Accompagné de</u> :
Monsieur Alain ZIMERAY, expert informatique, EXERTIS LAB, 30 rue Sedaine à PARIS (75011)
Ayant signé le présent procès-verbal.

A cette adresse je constate une enseigne LENOVO et aucune enseigne ou inscription MOTOROLA MOBILITE France

A l'accueil du bâtiment une hôtesse d'accueil de la société LENOVO me déclare que la société MOTOROLA MOBILITE France n'a aucune activité dans le bâtiment.

L'hôtesse d'accueil de la société LENOVO contacte au téléphone Monsieur DIXNEUF Adrien ès-qualité de responsable juridique de la société LENOVO ainsi déclaré et me passe la communication.

Je me présente en déclarant mes nom, prénom, qualité et l'objet de ma mission.

Monsieur DIXNEUF Adrien me déclare que la société MOTOROLA MOBILITE France est une société dormante sans activité commerciale et sans activité comptable et sans salarié depuis janvier 2018.

Monsieur DIXNEUF Adrien me déclare que  Monsieur Jean-Baptiste GUILLEMOT ès-qualité de Président de MOTOROLA MOBILITE France n'est pas présent.

Monsieur DIXNEUF Adrien m'indique de signifier l'ordonnance et la requête dont je suis porteur à Monsieur Bertrand BRAUX ès-qualité de responsable technique de la société LENOVO FRANCE SAS présent dans les lieux.

A 11 heures je signifie l'ordonnance et la requête dont je suis porteur à Monsieur Bertrand BRAUX , personne présente ès-qualité de responsable technique de la société LENOVO FRANCE SAS.

Monsieur Denis CHATARD ès-qualité de directeur financier de LENOVO FRANCE SAS adresse par courriel les dites ordonnance et requête à Monsieur Adrien DIXNEUF.

Monsieur Adrien DIXNEUF m'informe qu'il adresse les dites ordonnance et requête à un avocat et qu'il reviendra vers moi.

A partir de 13h30 Monsieur Denis CHATARD me confirme que la société MOTOROLA MOBILITE France est une société dormante sans activité commerciale et sans activité comptable et sans salarié depuis janvier 2018.

Monsieur Denis CHATARD me déclare que les téléphones mobiles Motorola sont importés pour les pays de l'union européenne par les sociétés MOTOROLA MOBILITE UK et MOTOROLA MOBILITE NL.

Monsieur Denis CHATARD me déclare que les téléphones mobiles MOTOROLA sont ensuite distribués dans les pays par les entités du groupe LENOVO.

Que pour la France il s'agit de la société LENOVO FRANCE SAS.

Monsieur Denis CHATARD me déclare que les téléphones mobiles Motorola sont distribués en France par LENOVO FRANCE SAS par l'intermédiaire du grossiste la société MODE LABS MOBILE 107 rue de la Boëtie 75008 PARIS et en direct aux opérateurs de téléphonie ORANGE et BOUYGUES TELECOM.

Monsieur Denis CHATARD me déclare que les volumes de ces ventes et les coordonnées de MOTOROLA MOBILITE UK et MOTOROLA MOBILITE NL seront communiqués par la société LENOVO FRANCE SAS dans le cadre de l'ordonnance sur requête aux fins de saisie contrefaçon rendue le 15 octobre 2019 par le Tribunal de Grande Instance de Paris qui lui a été signifié ce jour par Maître Caroline BRESSAND Huissier de Justice.
I


Mes opérations se trouvant terminées, je clôture ma mission à  15  heures.

Le présent procès-verbal de saisie-contrefaçon est dressé sur 03  pages et sans annexe
dans les locaux de **Société MOTOROLA MOBILITY FRANCE** dont le siège social est 20 rue des Deux Gares 92500 RUEIL MALMAISON, le tout pour servir et valoir ce que de droit.


Je laisse copie du présent procès-verbal de saisie contrefaçon à Monsieur Denis CHATARD

Signature de Monsieur Alain ZIMERAY, expert en informatique

1900333

Acte : 351023

Signature Monsieur Denis CHATARD

en sa qualité de personne présente.



Maître Frédéric DEBU
Huissier de Justice Associé


Subscribe to DeepL Pro to edit this document.
Visit www.DeepL.com/Pro for more information.



PU 1AU   ·   1 A lÜtN tANIONY

4, Tt:11 d>Ct lie 11111                    1 0, ovenu   ae la P, ov,dence
"JLHUl/ - I I, ttiH·- - I d U h:ns         "J2lbü - "\mony
lld. - 3   (0; I   SO601 Sb                Tel. i3(0)1 4o ô6 5 5 12

con1acl@a1la5-Jl t,ce lrv,ww.allas-Jus uca f,

# REPORT OF SEIZURE IN ACONT      WAY

*THE YEAR TWO THOUSAND TEN NINE and the SEIZE OCTOBER
from 9:45 a.m. onwards*

**AT THE REQUEST OF**:

**IPCom GmbH & Co. KG, a** company under German law in the form of a Kommanditge *llschatt, whose* registered office is at Zugspitzstrasse 15, 82049 Pullach, Germany, registered in the register of companies of M nich (Germany) under number HRA 93950, represented by its general partner IPCom Beteiligungs GmbH, a German dl ait company in the form of a *Gesel/schaft mit beschranker Hattung,* whose registered office is Zugspitzstrasse 15, 82049 P.ullach, Germany, itself represented by its *Geschaftsführer (manager)* domiciled as such at its registered office,

<u>**Having as lawyers**</u>:

SELAS BARDEHLE PAGENBERG
Acting by Maître Julien Fréneaux
Attorney at law at the Paris Bar
Residing at 5 rue Boudreau - 75009 Paris

Having his domicile in his firm as well as in my firm.

*I,* **Frédéric DEBU,** *Associate Bailiff within the Se!arl ATLASJUSTICE, Hui. iers de Justice, near the Tribunal de Grande Instance de Nanterre, having its registered office in PUTEAUX (92800), 14 Terrasse sdwni and annexe office in ANTONY (92160), 10 avenue de la Providence, undersigned*

<u>*Acting in accordance with*</u>:

A motion for seizure of counterfeit goods filed on 15 October 2019 before Monsie r the President of the Tribunal de Grande Instance de PARIS and an order issued by Judge Gilles BUFFET, acting by delegation of the President of the Tribunal de Grande Instance de Paris, dated 15 October 2019.j
Which requests and orders were served today prior to my counterfeit seizure operations.

I went today at 9:45 am to the headquarters of the **Company MOTOROLA MOBI Lir} France** 20 rue des Deux Gares 92500 RUEIL MALMAISON

<u>Accompanied by</u>:
Mr Alain ZIMERAY, IT expert, EXERTIS LAB, 30 rue Sedaine in PARIS (75 11) Having signed these minutes.

1900333Act : 351023

At this address I notice a LENOVO sign and no sign or registration MOTOROLA MOBILITE France

At the reception of the building a receptionist from the company LENOVO tells me that the company MOTOROLA MOBILITE France has no activity in the building.

The receptionist of the LENOVO company contacts Mr. DIXNEUF Adrien by telephone in his capacity as the legal manager of the LENOVO company thus declared and passes on the communication to me.

I introduce myself by declaring my name, first name, position and the purpose of my mission.

Mr. DIXNEUF Adrien tells me that MOTOROLA MOBILITE France is a dormant company with no commercial activity and no accounting activity and no employee since January 2018.

Mr. DIXNEUF Adrien tells me that Mr. Jean-Baptiste GUILLEMOT, who is a qualified Chairman of MOTOROLA MOBILITE France, is not present.

Mr. DIXNEUF Adrien indicates to me to notify the order and the request I am making to Mr. Bertrand BRAUX in his capacity as technical manager of the company LENOVO FRANCE SAS present on the premises.

At 11 a.m. I notify the order and the request of which I am the bearer to Mr Bertrand BRAUX, a person who is the technical manager of the company LENOVO FRANCE SAS.

Mr Denis CHATARD, in his capacity as Chief Financial Officer of LENOVO FRANCE SAS, sends the said order and request by e-mail to Mr Adrien DIXNEUF.

Mr Adrien DIXNEUF informs me that he is sending the said order and request to a lawyer and that he will come back to me.

From 13h30 Mr Denis CHATARD confirms to me that MOTOROLA MOBILITE France is a dormant company without commercial activity and without accounting activity and without employees since January 2018.

Mr Denis CHATARD tells me that Motorola mobile phones are imported for the European Union countries by the companies MOTOROLA MOBILITE UK and MOTOROLA MOBILITE NL.

Mr Denis CHATARD tells me that MOTOROLA mobile phones are then distributed in the countries by the entities of the LENOVO group.

For France only, it is LENOVO FRANCE SAS.

Mr Denis CHATARD tells me that Motorola mobile phones are distributed in France by LENOVO FRANCE SAS through the wholesaler MODE LABS MOBILE 107 rue la Boëtie 75008 PARIS and directly to the telephone operators ORANGE and BOUYGUES TELECOM.

Mr Denis CHATARD informs me that the volumes of these sales and the contact details of MOTOROLA MOBILITE UK and MOTOROLA MOBILITE NL will be communicated by LENOVO FRANCE SAS as part of the order on request for seizure of counterfeit goods issued on 15 October 2019 by the Paris Tribunal de Grande Instance, which was notified to him today by Maître caroline BRESSAND Huissier de Justice.
I

As my operations are over, I close my mission at 3pm.

These procès-verbal of seizure of counterfeit goods is drawn up on 03 pages and without annex
in the premises of **Société MOTOROLA MOBILITY FRANCE** whose registered office is 20 rue des Deux Gares 92500 RUEIL MALMAISON, all to serve and enforce what is right.

I leave a copy of these counterfeit seizure reports to Mr Denis CHAT ARD

**Sig nattu**       sie '" **Alain ZIMERAY,,,**     **loss in info, matics**
                         e

2

1900333

Act: 351023

Signature Mr Denis CHATARD in his

capacity as present.



Maître Frédéric DEBU
Huissier de Justice Associé

EXHIBIT G

# ATLAS JUSTICE
HUISSIERS DE JUSTICE

1900334

Acte : 3:

**EXPEDITION CERTIFIEE CONFORME**

**SELARL**

**ATLAS JUSTICE**

-----Siège Social-----
14 Terrasse Bellini
92800 PUTEAUX – La Défense

Téléphone : 01.45.06.01.56
Ligne constat :01.45.06.82.70

-----Bureau Secondaire-----
10, avenue de la Providence
BP10173
92186 ANTONY CEDEX

Téléphone : 01.46.66.55.22

contact@atlas-justice.fr
www.huissiersassocies92

**ACTE
D'HUISSIER
DE
JUSTICE**

RÉFÉRENCES A RAPPELER:
1900334
CB

| COUT DE L'ACTE | |
|---|---|
| Emolument | 25,74 |
| SCT | 7,67 |
| H.T. | 33,41 |
| Tva 20% | 6,68 |
| Taxe Forfaitaire | 14,89 |
| Timbres | 2,20 |
| Coût de l'acte | 57,18 |

## SIGNIFICATION
## A TOUTES FINS

L'AN DEUX MILLE DIX NEUF  et le  DIX-HUIT OCTOBRE
A  neuf Heures trente Minutes :

Nous, Selarl ATLAS JUSTICE, Huissiers de Justice, près le Tribunal de Grande Instance de Nanterre, ayant s
siège social à PUTEAUX (92800), 14 Terrasse Bellini et bureau annexe à ANTONY (92160), 10 avenue de la
Providence, l'un d'eux soussigné

À :

**Société LENOVO FRANCE**
20 rue des Deux Gares
92500 RUEIL MALMAISON
Où étant et parlant à comme il est dit à l'annexe

## À LA DEMANDE DE :

**IPCom GmbH & Co. KG,** société de droit allemand ayant la forme d'une *Kommanditgesellschaft*, dont le sièg
social est Zugspitzstrasse 15, 82049 Pullach, Allemagne, immatriculée au registre des sociétés de Munich
(Allemagne) sous le N° HRA 93950, représentée par son associé commandité IPCom Beteiligungs GmbH, soc
de droit allemand ayant la forme d'une *Gesellschaft mit beschränker Haftung*, dont le siège social est
Zugspitzstrasse 15, 82049 Pullach, Allemagne, elle-même représentée par son *Geschäftsführer* (gérant) domi
en cette qualité audit siège,

Elisant domicile en mon Etude.

## JE VOUS SIGNIFIE ET VOUS REMETS COPIE :

D'un procès-verbal de poursuite et de clôture des opérations de saisie contrefaçon dressé par Maître Caroline
Bressand, Huissier de Justice au sein de la SELARL ATLAS JUSTICE, en date du 17 octobre 2019,
En vertu d'une ordonnance sur requête aux fins de saisie contrefaçon  rendue par Gilles Buffet, vice-président
agissant par délégation de Monsieur le Président du Tribunal de Grande Instance de Paris, en date du 15 octol
2019.

Vous déclarant que la présente signification vous est faite à telles fin que de droit.

A CE QU'IL N'EN IGNORE.
SOUS TOUTES RESERVES.





ATLAS JUSTICE
HUISSIERS DE JUSTICE

# PROCÈS VERBAL DE POURSUITE ET DE CLOTURE DES OPERATIONS DE SAISIE CONTREFACON

L'AN DEUX MILLE DIX NEUF et le DIX SEPT OCTOBRE

## À LA DEMANDE DE :

**IPCom GmbH & Co. KG,** société de droit allemand ayant la forme d'une *Kommanditgesellschaft,* dont le siège social est Zugspitzstrasse 15, 82049 Pullach, Allemagne, immatriculée au registre des sociétés de Munich (Allemagne) sous le N° HRA 93950, représentée par son associé commandité IPCom Beteiligungs GmbH, société de droit allemand ayant la forme d'une *Gesellschaft mit beschränker Haftung,* dont le siège social est Zugspitzstrasse 15, 82049 Pullach, Allemagne, elle-même représentée par son *Geschäftsführer* (gérant) domicilié en cette qualité audit siège,

Ayant pour avocats :

SELAS BARDEHLE PAGENBERG
Agissant par Maître Julien Fréneaux
Avocat au Barreau de Paris
Demeurant 5 rue Boudreau – 75009 Paris

Elisant domicile en son Cabinet ainsi qu'en mon étude.

*Je,* **Caroline BRESSAND***, Huissier de Justice Associée au sein de la Selarl ATLAS JUSTICE, Huissiers de Justice, près le Tribunal de Grande Instance de Nanterre, ayant son siège social à PUTEAUX (92800), 14 Terrasse Bellini et bureau annexe à ANTONY (92160), 10 avenue de la Providence, soussignée*

*Agissant en vertu* :

D'une requête aux fins de saisie contrefaçon déposée le 15 octobre 2019 devant Madame ou Monsieur le Président du Tribunal de Grande Instance de PARIS et d'une ordonnance rendue par Gilles Buffet, vice-président agissant par délégation de Monsieur le Président du Tribunal de Grande Instance de Paris, en date du 15 octobre 2019.

Que les opérations de saisie contrefaçon ont débuté le 16 octobre 2019 à 10 heures 50 pour être suspendues, le même jour à 18 heures 15, afin d'être reprises après la mise à disposition des produits.

Qu'en effet, le 16 octobre 2019, lors desdites opérations, Monsieur Chatard étant dans l'impossibilité de me présenter les ordinateurs et tablettes arguées de contrefaçon, il a été convenu que les exemplaires suivants : X1 Yoga 4ème gén, X1 Carbone 7ème gén, X390 Yoga et X390, seraient rapatriés sur le site de Rueil Malmaison pour lundi matin (soit le 21 octobre 2019).

Qu'avec son accord, il a été convenu que nous nous présenterons donc à nouveau lundi 21 octobre 2019 à 9h30 pour procéder aux analyses des caractéristiques desdits PC.

De retour en mon étude, le 17 octobre 2019, je constate la réception des 2 messages électroniques suivants sur mon adresse professionnelle bressand@atlas-justice.fr :

- message de Monsieur Denis Chatard (denischatard@lenovo.com) en date du 16 octobre 2019 adressé à 17 h 54 à Monsieur Adrien Dixneuf (adixneuf1@lenovo.com) dont le contenu est le suivant « *Adrien hello, pourras tu te rendre disponible lundi 21 oct a 9 :30 pour accueillir Mme Bressand pour finaliser les investigations commencées ce jour ? Merci* ».

- message en réponse de Monsieur Adrien Dixneuf en date du 16 octobre 2019 à 18 h dont le contenu est le suivant : « *Oui, sans problèmes.* »

Je joins, en annexe au présent procès verbal, la copie de ces messages électroniques.

--------------------------------

Conformément au point 14 de l'ordonnance du 15 octobre 2019, prévoyant que « les opérations de saisie contrefaçon pourront se poursuivre après l'heure de fermeture des locaux et pourront le cas échéant être suspendues pour se poursuivre le lendemain » ;  je procède ce jour, le 17 octobre 2019 à 17 h 00, à la clôture de mes opérations.

Le présent procès verbal de poursuites et de clôture des opérations de saisie contrefaçon est dressé en mon étude sur 2 pages comprenant en outre 2 pages en annexe.

Il est dressé pour servir et valoir ce que de droit et sera signifié ultérieurement dans les plus brefs délais à la société LENOVO France, 20 rue des Deux Gares à Rueil-Malmaison (92500).

Maître Caroline BRESSAND
Huissier de Justice Associée

2

**Etude d'huissiers HERMET DEBU HARDY BRESSAND**

| | |
|---|---|
| **De:** | Denis Chatard <denischatard@lenovo.com> |
| **Envoyé:** | mercredi 16 octobre 2019 17:54 |
| **À:** | Adrien Dixneuf1 |
| **Cc:** | bressand@atlas-justice.fr |
| **Objet:** | RDV 21 OCT - Huissiers de justice |

Adrien hello

Pourras tu te rendre disponible lundi 21 oct a 9:30 pour accueillir  Mme Bressand pour finaliser les investigations commencees ce jour?

Merci

Denis Chatard
CFO Lenovo France
Mobile : +33 6 76 49 78 50



1

## Etude d'huissiers HERMET DEBU HARDY BRESSAND

| | |
|---|---|
| **De:** | Adrien Dixneuf1 <adixneuf1@lenovo.com> |
| **Envoyé:** | mercredi 16 octobre 2019 18:00 |
| **À:** | Denis Chatard |
| **Cc:** | bressand@atlas-justice.fr |
| **Objet:** | RE: RDV 21 OCT - Huissiers de justice |

Oui, sans problèmes.

**Adrien Dixneuf**     T  +33 1 55 70 39 87
Legal Counsel Southern     M  + 33 6 33 55 06 43
Europe     V  501 3987
EMEA Legal Department     E  adixneuf1@lenovo.com
Lenovo France
20, Rue des Deux Gares 92500
RUEIL MALMAISON

We do what we say
We own what we do
We wow our customers

We are **Lenovo**

www.lenovo.com/fr
Twitter | Instagram | Facebook | Linkedin | YouTube | Privacy

**From:** Denis Chatard <denischatard@lenovo.com>
**Sent:** Wednesday, October 16, 2019 5:54 PM
**To:** Adrien Dixneuf1 <adixneuf1@lenovo.com>
**Cc:** bressand@atlas-justice.fr
**Subject:** RDV 21 OCT - Huissiers de justice

Adrien hello

Pourras tu te rendre disponible lundi 21 oct a 9:30 pour accueillir  Mme Bressand pour finaliser les investigations commencees ce jour?

Merci

Denis Chatard
CFO Lenovo France
Mobile : +33 6 76 49 78 50



1



**ATLAS JUSTICE**
HUISSIERS DE JUSTICE

PUTEAUX – LA DEFENSE

ANTONY

14, Terrasse Bellini
92800 – Puteaux – La Défense
Tél: +33 (0)1 45 06 01 56

10, avenue de la Providence
92160 - Antony
Tél: +33 (0)1 46 66 55 22

contact@atlas-justice.fr

www.atlas-justice.fr

Cet acte a été remis au Destinataire par Clerc assermenté dans les conditions indiquées à la rubrique marquée ci-dessous d'une croix et suivant les déclarations qui lui ont été faites.

## Pour Société LENOVO FRANCE

**REMISE A PERSONNE**

| ☐ | Au Destinataire ainsi déclaré(e) | PERSONNE PHYSIQUE |
|---|---|---|
| ☒ | A M *Dot Neuf, Adrien* | PERSONNE MORALE |
| | Qualité : *Dir Jur juridique* ainsi déclaré(e) | ☐ Qui a déclaré être Habilité(e) à recevoir l'acte<br>☐ Qui a déclaré être Représentant légal |

La lettre prévue par l'article 658 du C.P.C. comportant les mentions de l'article 655 du C.P.C. a été adressée avec une copie de l'acte de signification au plus tard le premier jour ouvrable suivant la date du présent.

**REMISE A DOMICILE ELU**

☐ Au domicile élu par le destinataire chez :

A M                                                                                  Qualité :                                                      ainsi déclaré(e)

La lettre prévue par l'article 658 du C.P.C. comportant les mentions de l'article 655 du C.P.C. a été adressée avec une copie de l'acte de signification au plus tard le premier jour ouvrable suivant la date du présent.

**REMISE AU DOMICILE OU A RÉSIDENCE**

☐ Une personne présente me certifie le domicile et me déclare que le signifié est actuellement absent. N'ayant pu, lors de mon passage, avoir de précisions suffisantes sur le lieu où rencontrer le destinataire. Ces circonstances caractérisant l'impossibilité de signifier à personne étant établies mon interlocuteur accepte de recevoir la copie et m'indique être :
NOM : M

QUALITE                                                                                  ainsi déclaré(e)
Je lui laisse la copie sous enveloppe fermée ne portant que l'indication des nom et adresse du destinataire de l'acte et mon cachet apposé sur la fermeture du pli. Je laisse également un avis de passage daté avertissant le signifié de la remise de la copie en mentionnant la nature de l'acte, le nom du requérant ainsi que les indications relatives à la personne à laquelle la copie a été remise. la lettre prévue par l'article 658 du C.P.C. a été adressée dans le délai prévu par la loi

**DEPOT A L'ETUDE**

| | N'ayant pu, lors de mon passage, avoir de précisions suffisantes sur le lieu où se trouvait le destinataire de l'acte. La signification à personne, à domicile ou résidence s'étant avérée impossible, personne n'ayant pu ou voulu recevoir l'acte et vérifications faites que le destinataire demeure bien à l'adresse indiquée |
|---|---|
| ☐ | La copie du présent acte a été déposée en notre Etude sous enveloppe fermée ne portant d'autres indications que, d'un coté le nom et l'adresse du destinataire de l'acte et de l'autre coté, le cachet de l'Huissier de Justice apposé sur la fermeture du pli. Un avis de passage a été laissé ce jour au domicile conformément à l'article 656 du C.P.C. et la lettre prévue par l'article 658 du C.P.C. comportant les mêmes mentions que l'avis de passage et rappelant les dispositions du dernier alinéa de l'article 656 du C.P.C., a été adressée au destinataire avec copie de l'acte de signification au plus tard le premier jour ouvrable suivant la date du présent. |

| Circonstances rendant impossible la signification à personne ou à un tiers présent ( ) L'intéressé est absent ou ne répond à mes appels | Vérifications du domicile: | Confirmation du domicile |
|---|---|---|
| ☐ La personne présente refuse l'acte<br>☐ Personne non capable<br>☐ Personne non habilitée<br>☐ Société fermée<br>☐ Lieu travail inconnu ou hors compétence | ☐ Tableau occupants<br>☐ Boîte aux lettres<br>☐ Porte palière<br>☐ Interphone<br>☐ Enseigne ciale<br>☐ Sonnette<br>☐ Porte | ☐ Gardien<br>☐ Voisins<br>☐ Autre : |

| COUT DE L'ACTE | |
|---|---|
| Emolument | 25,74 |
| SCT | 7,67 |
| | ------- |
| H.T. | 33,41 |
| Tva 20% | 6,68 |
| Taxe Forfaitaire | 14,89 |
| Timbres | 2,20 |
| | ------- |
| Coût de l'acte | 57,18 |

La copie du présent acte comporte 6 feuilles.
Visa par l'Huissier de Justice, des mentions relatives à la signification et signature.

Me Caroline BRESSAND



**DeepL**

Subscribe to DeepL Pro to edit this document.
Visit www.DeepL.com/Pro for more information.

# $ATLAS

## JIL2,: IS

CERTIFIED SHIPMENT────────
COMPLIED

**SELARL
ATLAS JUSTICE**

-----Head Office-----
14 TerrasseBellini
92800 PUTEAUX - La Défense

Telephone:
01.45.45.06.01.01.56
Reporting line:
01.45.45.06.82.70

----- Bureau Secondair-----e
10, avenue de la
Providence BP10173
92186 ANTONY CEDEX

Telephone: 01.46.46.66.55.22

contact@a tlas-justice.fr
www.huissiersassocies92

---

DEED OF
BAILIFF

---

**REFERENCES TO
REMEMBER:
1900334**
C̄B

---

| COST OF THE ACT | |
|---|---|
| Emolument25,7**4** | |
| TBS | 7,67 |
| H.T. | 33,41 |
| 20% VAT 20%. | 6,68 |
| Flat-rate tax | 14,89 |
| Stamps | 2,20 |
| Cost of the act | 57,18 |

---

1900334Act**3**:

## SERVICE FOR
## ALL
## PURPOSES

THE A - E ✕ THOUSAND91)( N̄N̄E and EIGHT OCTOBER
A,,, , HoursMinutes:

We, Selarl ATLAS JUSTICE, Bailiffs, at the Tribunal de Grande Instance de Nanterre, with registered offices in PUTEAUX (92800), 14 Terrasse Bellini and an annex office in ANTONY (92160), 10 avenue de la Providence, one of the undersigned

**Ã :**

**Company LENOVO FRANCE**
20 rue des Deux Gares
92500 RUEIL MALMAISON
Where being and speaking to as described in the appendix

**AT THE REQUEST OF**:

**IPCom GmbH** & Co. **KG, a** company under German law in the form of a Kommanditgesellschaft, *whose* registered office is at Zugspitzstrasse 15, 82049 Pullach, Germany, registered with the Munich Company Registry (Germany) under number HRA 93950, represented by its general partner IPCom Beteiligungs GmbH, a company under German law in the form of une Gesellschaft *mit beschranker Haftung,* whose registered office is at Zugspitzstrasse 15, 82049 Pullach, Germany, itself represented by its *Geschäftsführer* (manager), is domiciled as such at that registered office,

Elisant domicile in my firm.

**I MEAN YOU AND GIVE YOU A COPY**:

A report on the prosecution and closure of counterfeiting seizure operations drawn up by Maître Caroline Bressand, Bailiff within SELARL ATLAS JUSTICE, dated 17 October 2019,
Pursuant to an order on request for the purpose of seizure of counterfeit goods issued by Gilles Buffet, Vice-President acting by delegation of the President of the Tribunal de Grande Instance de Paris, on 15 October 2019.

Declaring that this service is made to you for the purposes for which it is

intended. WHAT HE DOESN'T KNOW ABOUT IT.
UNDER ALL RESERVES.



 **ATLAS JUSTICE**

I IUISSII:RS DE JU



# MINUTES OF PROCEEDINGS AND CLOSURE OF COUNTERFEIT SEIZURE OPERATIONS

TWO THOUSAND TEN THOUSAND NINE and SEVEN OCTOBER

## AT THE REQUEST OF:

**IPCom GmbH & Co. KG, a** company incorporated under German law in the form of a Kommanditgesellschaft, *having its* registered office at Zugspitzstrasse 15, 82049 Pullach, Germany, registered in the Company Register of Munich (Germany) under number HRA 93950, represented by its general partner IPCom Beteiligungs GmbH, a company under German law in the form ofa *Gesellschaft mit beschranker Hartung,* whose registered office is Zugspitzstrasse 15, 82049 Pullach, Germany, itself represented by its *Geschaftsführer (manager)* domiciled as such at that registered office,

Having as lawyers:

SELAS BARDEHLE PAGENBERG
Acting by Maître Julien Fréneaux Attorney
at law at the Paris Bar
Residing at 5 rue Boudreau - 75009 Paris

Having his domicile in his firm as well as in my firm.

I, **Caroline BRESSAND**, Bailiff AssoC1st within the Selarl ATLASJUSTICE, Bailiffs, presle Tribunal de Grande Instance de Nanterre, having its registered office in PUTEAUX (92800), 14 Terrasse Bellini and annex officeE ANTONY (92160), JO avenue de la Providence, undersigned

**Acting in accordance with:**

A request for seizure of counterfeit goods filed on 15 October 2019 before the President of the Tribunal de Grande Instance de PARIS and an order issued by Gliies Buffet, Vice-President1 acting by delegation of the President of the Tribunal de Grande Instance de Paris, dated 15 October 2019.

That the counterfeit seizure operations began on 16 October 2019 at 10:50 a.m. and were suspended on the same day at 6:15 p.m. in order to be resumed after the products had been made available.

That indeed, on October 16, 2019, during the said operations, Mr. Chatard being unable to present to me the computers and tablets alleged to be counterfeit, it was agreed that the following copies: X1 Yoga4nGen, Xl Carbon ime gen, X390 Yoga and X390, would be repatriated to the Rueil Malmaison site by Monday morning (i.e. October 21, 2019).

That with his agreement, it has been agreed that we will therefore present ourselves again on Monday, October 21, 2019 at 9:03 am C
to carry out analyses of the characteristics of the said PCs.

Back in my office, on October 17, 2019, I notice the reception of the following 2 electronic messages on my professional address bressand@atlas-iustice.fr :

message from Mr Denis Chatard (denischatard@lenovo.com) dated 16 October 2019 addressed at 5.54 p.m. to Mr Adrien Dixneuf (adixneufl@lenovo.com), the content of which is as follows:"*Adrien hello, could you make yourself available on Monday 21 October at 9:30 a.m. to welcome Mrs Bressand to finalise the investigations started today? Thank you".*

message in response to Mr. Adrien Dixneuf dated October 16, 2019 at 6:00 p. m., the content of which is as follows: "*Yes, no problems."*

I enclose, as an annex to these minutes, a copy of these electronic messages.

In accordance with point 14 of the ordinance of 15 October 2019, which provides that "counterfeit seizure operations may continue after the closing time of the premises and may, if necessary, be suspended to continue the next day"; I hereby proceed today, October 17, 2019 at 5:00 p.m., to the closing of the my operations.

This report on the prosecution and closure of seizure operations against reshaping is based on my 2-page study, which also includes 2 pages in the appendix.

It is prepared to serve and enforce what is right and will be notified as soon as possible to LENOVO France, 20 rue des Deux Gares in Rueil-Malmaison (92500).



Maître Caroline BRESSAND Bailiff
Partner

2

**Study of HERMET bailiffs DEBU HARDY BRESSAND**

| | |
|---|---|
| **From:** | Denis Chatard <denischata rd@lenovo.com > |
| **Sent:** | Wednesday, October 16, 2019 17:54 |
| **To:** | Adrien Dixneuflfl |
| **Cc:** | bressand@atlas-justice. fr |
| **Object:** | RDV 21 OCT - Bailiffs |

Adrien hello

Will you be able to make yourself available on Monday, Oct. 21 at 9:30 a.m. to welcome Mrs. Bressand to finalize the investigations that began today?

Thank you. Thank you.

Denis Chatard
CFO Lenovo France
Mobile: +33 6 76 49 49 78
50



**Study of HERMET bailiffs DEBU HARDY BRESSAND**

| | |
|---|---|
| **From:** | Adrien Dixneufl <adixneuf1@1enovo.com> |
| **Sent:** | Wednesday 16 October 2019 18:00 |
| **To:** | Denis Chatard |
| **Cc:** | bressand@atlas-justice.fr |
| **Object:** | RE: RDV 21 OCT - Bailiffs |

Yes, no problem.

**Adrien DixneufT** +33 1 55 70 39 87
Legal Counsel SouthernM + 33 6 33 55 55 06 43
Europev 501 3987
EMEA LegalDepartment          e adixnuf@lenovo.com
Lenovo France
20, Rue des Deux Gares 92500
MALMAISON STREET

  

We do what we say
We own what we do
We wow our customers

We are 

w w ww.lenovo . com/ fr

Twitter , Instagram | Facebook | Linkedin | Youîube | Privacy

**From:** Denis Chatard < denischatard@lenovo.com>
**Sent:** Wednesday, October 16, 2019 5:54 PM
**To:** Adrien Dixneufl <adixneufl @lenov o.com>
**Cc:** br essand@atlas- justic e.fr
**Subject:** RDV 21 OCT - Bailiffs Adr ien hello

Will you be able to make yourself available on Monday, Oct. 21 at 9:30 a.m. to welcome Mrs. Bressand to finalize the investigations that began today?

Thank you. Thank you.

Denis Chatard
CFO Lenovo France
Mobile: +33 6 76 49 49 78 50





# ATLAS JUSTICE

EIGHTERS OF JUICE

contact@atlas-justice.fr          www.atlas-justice.fr

This deed was delivered to the Recipient by Clerc under the conditions indicated in the section marked below with a cross and according to the declarations made to him.

## For LENOVO FRANCE Company

**PERSONAL DELIVERY**

| To the Recipient so declared | NATURAL PERSON |
|---|---|
| ☑ A M *Dot Neuf, Adrien* <br> Qualité : *Dire ctelu juridique* | LEGAL ENTITY <br> Q- Who has declared himself/herself Able to receive the deed thus declared D Who has declared |

The letter provided for in article 658 of the C.P.C. with the references to article 655 of the C.P.C. was sent with a copy of the deed of incorporation no later  than the firs  t working day following the date of the resent.

**ELECTED HOME DELIVERY**

D At the address elected by the addressee at:

Quality:                                          as stated

The letter provided for in article 658 of the C.C.P. containing the references to article 655 of the C.C.P. was sent with a copy of the document of service no later than the first business day following the date hereof.

**DELIVERY TO THE HOME OR RESIDENCE**

D A person present certifies my home and declares to me that the person served is currently absent. Having been unable, during my visit, to have sufficient details about the place where to meet the destiny e. These circumstances characterizing the impossibility of notifying anyone having been established, my interlocutor agrees to receive the copy and indicates to me that he is: NAME: M

QUALITY                                          as stated

I leave the copy in a sealed envelope bearing only the name and address of the addressee of the document and my stamp affixed to the closure of the fold. I also leave a dated notice of passage notifying the person served of the delivery of the copy, mentioning the nature of the document, the name of the applicant and the particulars of the person to whom the copy was delivered. the letter provided for in article 658 of the C.C.P. was sent within the time limit provided by law

**DEPOSIT AT THE STUDY**

Having been unable, at the time of my visit, to obtain sufficient information on the place where the addressee of the document was located. Service on a person, at home or residence having proved impossible, no one having been able or willing to receive the document and checks made by the addressee remain at the address indicated

The copy of this deed has been deposited in our office in a sealed envelope bearing no other indications than, on the one hand, the name and address of the addressee of the deed and, on the other hand, the bailiff's stamp affixed to the closure of the envelope. A

notice of passage was left at home today in accordance with article 656 of the C.P.C. and the letter provided for in article 658 of the C.C.P. containing the same information as the notice of passage and recalling the provisions of the last paragraph of article 656

| Circumstances making service mandatory on a person or a third party present (  ) The person concerned is absent or to my calls <br><br> D The person present refuses the act <br> D Person not capable <br> D Unauthorized person <br> D Closed company <br> D Place of work unknown or out of competence | Home checks: <br><br> D Occupancy table <br> D Mailbox <br> D Landing door <br> D I nterphon e <br> D Ciafe sign <br> D Doorbell <br> D Door | Confirmation of domicile <br><br> D Guardian <br> D Neighbours <br> D Other: |
|---|---|---|

| ACT COSTS | |
|---|---|
| TBS fee | 25,74 |
| | 7,6 7 |
| H. T. | 33,41 |
| 20% VAT 20%. | 6,68 |
| Flat-rate tax Stamps | 14,89 |
| | 2,20 |
| Cost of the | 57, 18 |

The copy of this deed contains **6** sheets.

Visa by! Huiss ier de Justice, mentions relating to the meaning and ignat ure.

**Me Caroline BRESSAND**



EXHIBIT H

## *EX PARTE* APPLICATION
## SEEKING AUTHORIZATION TO INITIATE
## EMERGENCY SUMMARY PROCEEDINGS

### before the Presiding Judge of the Paris District Court

#### (Articles 485, paragraph 2 of the Civil Procedure Code)

_____

**At the request of:**

**IPCom GmbH & Co. KG, a** company under German law in the form of a *Kommanditgesellschaft*, whose registered office is at Zugspitzstrasse 15, 82049 Pullach, Germany, registered in the Company Register of Munich (Germany) under number HRA 93950, represented by its general partner IPCom Beteiligungs GmbH, a company under German law in the form of a *Gesellschaft mit beschränker Haftung*, whose registered office is Zugspitzstrasse 15, 82049 Pullach, Germany, itself represented by its *Geschäftsführer* (manager) domiciled as such at that registered office,

**Having as Attorney:**  BARDEHLE PAGENBERG SELAS
acting through Mr Julien Fréneaux
Attorney, admitted to the Paris Bar
5, rue Boudreau - 75009 Paris
Tel. +33 (0)1 53 05 15 00 – Fax: +33 (0)1 53 05 15 05
Courthouse Box No. P 0390 (Paris)

**its offices being elected as the address for service**

## SUBJECT MATTER OF THE CLAIM

1.    **IPCom GmbH & Co KG** (hereinafter referred to as "IPCom") requests the Presiding Judge of the Paris District Court on the basis of Article 485, paragraph 2 of the Civil Procedure Code to be authorized to initiate emergency summary proceedings grounded on Articles 808 and 809 of the Civil Procedure Code against:

– **Lenovo (United States) Inc**.;
– **Motorola Mobility LLC**;
– **Lenovo (France) SAS**;
– **Motorola Mobility France SAS**;

in order that **Lenovo (United States) Inc.** and **Motorola Mobility LLC** be ordered to withdraw the "*Motion for Anti-Suit Injunction*" they filed against IPCom on September 18, 2019 before the United States District Court for the Northern District of California, in so far as it relates directly or indirectly to any legal proceedings which have been brought or may be brought by IPCom before the competent French courts in respect of alleged acts of infringement of the French part of European patent EP 1 841 268 B2 committed on French territory by entities of the Lenovo group, including **Lenovo (France) SAS** and/or **Motorola Mobility France SAS** and their distributors for France.

2.    An "*Anti-Suit Injunction*" is a decision issued by a court, in particular a US or UK court, the purpose of which is to prohibit a party from bringing or prosecuting legal proceedings before another court, in particular a foreign court.

Apart from certain very specific cases of disputes involving the enforcement of an arbitration clause and/or a forum clause freely accepted by the parties - which is not the case here - the Court of Justice of the European Union and the French Supreme Court[1] consider "*Anti-Suit Injunctions*" **to conflict with European and French international public policy**.

3.    In the case at issue, IPCom is confident that the US Court will dismiss the "*Motion for Anti-Suit Injunction*" filed by the US subsidiaries of the Lenovo group.

However, should that not be the case further to the **hearing scheduled on November 14, 2019**, IPCom would be deprived of its right of action to defend its European patent EP 1 841 268 B2 before the competent French courts.

As a result, IPCom would suffer a **serious violation** of its fundamental rights, as the holder of a European patent designating France, under both French law and the international conventions to which France is a party.

---

[1] ECJ 27.04.2004 *Turner v. Grovit* C-159/02 ; ECJ 10.02.2009 *Allianz v. West Tankers* C-185/07 ; ECJ 13.05.2015 *Gazprom v. Lithuania* C-536/13 ; ECJ Civ. Cass. 1, 30.06.2004, Appeal Nos. 01-03248 and 01-15452; ECJ 10.2009, Appeal Nos. 08-16369 and 08-16549.

4.   The violation of IPCom's fundamental rights in France which would follow from the issuance of an "*Anti-Suit Injunction*" by the US Court and the conflict of said injunction with French and European international public policy, constitute a risk of **imminent damage** and **manifestly unlawful disorder**, which justify that the matter be dealt with **celerity** and that urgent measures be ordered in the context of summary proceedings, in accordance with Articles 808 and 809 of the Civil Procedure Code.

*   *

## THIS IS WHY

**The applicant requests that the Presiding Judge authorize him to initiate emergency summary proceedings, as per the terms of the attached draft writ of summons, against:**

1. **Lenovo (United States) Inc**. whose registered office is at its Registered Agent, The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, New Castle County, Delaware 19801, United States of America, in the person of its legal representatives,
   and also at its principal place of business located at 1009 Think Place, Morrisville, North Carolina 27560, United States of America;

2. **Motorola Mobility LLC**, whose registered office is at its Registered Agent, The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, New Castle County, Delaware 19801, United States of America, in the person of its legal representatives,
   and also at its principal place of business located at 222 W. Merchandise Mart Plaza, Suite 1800, Chicago, Illinois 60654, United States of America;

3. **Lenovo (France) SAS**, a simplified joint stock company (société par actions simplifiée à associé unique) incorporated in France, having its registered office at 20 Rue des Deux Gares, 92500 Rueil-Malmaison, incorporated with the Nanterre Trade and Companies Register under number 481 278 240, acting through its legal representatives;

4. **Motorola Mobility France SAS**, a simplified joint stock company (société par actions simplifiée à associé unique), having its registered office at 20 Rue des Deux Gares, 92500 Rueil-Malmaison, incorporated with the Nanterre Trade and Companies Register under number 518 392 006, acting through its legal representatives;

Paris, October 24, 2019

[Signature]

**List of exhibits on which the *ex parte* application is based:**

**1.** Draft emergency summary proceedings summons and its exhibits, listed herein below:

**I.**    **IPCom**

   1.1      Official entries in the Munich Companies Register concerning IPCom

   1.1bis   French translation of the official entries in the Munich Companies Register concerning IPCom

   1.2      Information from IPCom's website

**II.**   **The essentiality of Patent EP 1 841 268 B2 to the UMTS standard**

   2.1      Excerpt of ETSI Directives, Version 39, of 8 October 2018

   2.2      European Commission Press Release dated 10 December 2009

   2.3      "*General IPR Licensing Declaration*" by IPCom to the ETSI dated 11 June 2014

   2.4      Judgment of the Court of Appeal of England and Wales dated 28 February 2017, *IPCom -v-HTC*, ([20017] EWCA Civ. 90)

   2.4bis   French translation of Exhibit No. 2.4

   2.5      Order of the Court of Appeal of England and Wales dated 28 February 2017, *IPCom -v- HTC*

**III.**  **The US proceedings**

   3.1      Complaint of Lenovo (United States) Inc and Motorola Mobility LLC of 14 March 2019

   3.2      Motion for Anti-Suit Injunction of Lenovo (United States) Inc and Motorola Mobility LLC of 18 September 2019

   3.2bis   French translation of the "*[Proposed] Order Granting Plaintiff's Motion for Anti-Suit Injunction*"

   3.3      IPCom's Opposition to Motion for Anti-Suit Injunction of 11 October 2019

**IV.**   **The UK proceedings**

   4.1      IPCom's Particulars of Claim of 4 July 2019

   4.2      IPCom's Particulars of Infringement of 4 July 2019

   4.3      Defense and Counterclaim of Lenovo Technology (United Kingdom) Limited and Motorola Mobility UK Limited, of 23 September 2019.

   4.4      Grounds of Invalidity of Lenovo Technology (United Kingdom) Limited and Motorola Mobility UK Limited, of 23 September 2019

   4.5      Reply and Defence to Counterclaim of IPCom of 15 October 2019

**V.    The French proceedings**

5.1    *Ex parte* application and order (Case No. 19/02568) of the Presiding Judge of the Paris District Court dated 4 October 2019 (Motorola Mobility France SAS)

5.2    *Ex parte* application and order (Case No. 19/02569) of the Presiding Judge of the Paris District Court dated 4 October 2019 (Lenovo (France) SAS)

5.3    *Ex parte* application and order (Case No. 19/02688) of the Presiding Judge of the Paris District Court dated 15 October 2019 (Motorola Mobility France SAS)

5.4    *Ex parte* application and order (Case No. 19/02687) of the Presiding Judge of the Paris District Court dated 15 October 2019 (Lenovo (France) SAS)

5.5    Bailiff's report of the infringement action search and seizure conducted on 16 October 2019 at the premises of Motorola Mobility France SAS

5.6    Bailiff's report of the infringement action search and seizure conducted on 16 October 2019 at the premises of Lenovo (France) SAS

5.7    *Ex parte* application and order (Case No. 19/02725) of the Presiding Judge of the Paris District Court dated 17 October 2019

5.8    Bailiff's report on the continuation and closing of the infringement action search and seizure conducted on 17 October 2019

**VI.    The German precedent**

6.1    Decision of the Munich Regional Court of 11 July 2019 in Case No 21 O 9333/19

6.1bis   French translation of Exhibit No. 6.1

### ORDER

We, **Carine GILLET**, vice-president acting on behalf of the Presiding Judge of the Paris District Court. Presiding Judge of the Paris District Court,

*In view of Article 485, paragraph 2 of the Civil Procedure Code,*

*In view of the above ex parte application, the draft writ of summons and its exhibits,*

*In view of the celerity required in the present case,*

**AUTHORIZE** IPCom GmbH & Co. KG to initiate **emergency summary proceedings** against:

1. **Lenovo (United States) Inc**. whose registered office is at its Registered Agent, The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, New Castle County, Delaware 19801, United States of America, in the person of its legal representatives,
   and also at its principal place of business located at 1009 Think Place, Morrisville, North Carolina 27560, United States of America;

2. **Motorola Mobility LLC**, whose registered office is at its Registered Agent, The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, New Castle County, Delaware 19801, United States of America, in the person of its legal representatives,
   and also at its principal place of business located at 222 W. Merchandise Mart Plaza, Suite 1800, Chicago, Illinois 60654, United States of America;

3. **Lenovo (France) SAS**, a simplified joint stock company (société par actions simplifiée à associé unique) incorporated in France, having its registered office at 20 Rue des Deux Gares, 92500 Rueil-Malmaison, incorporated with the Nanterre Trade and Companies Register under number 481 278 240, acting through its legal representatives;

4. **Motorola Mobility France SAS**, a simplified joint stock company (société par actions simplifiée à associé unique), having its registered office at 20 Rue des Deux Gares, 92500 Rueil-Malmaison, incorporated with the Nanterre Trade and Companies Register under number 518 392 006, acting through its legal representatives;

At the hearing of **November 6, 2019 at 4 p.m**. before the Presiding Judge of the Paris District Court, ruling in summary proceedings, at the Paris Court, 1 Parvis du Tribunal, 75017 Paris.

**SAY** that the acts of service shall occur before **October 29, 2019 at 8 p.m.**;

**SAY** that the defendants shall file their defense brief before **November 4, 2019 at 4 p.m**.

Done in chamber, at the Paris District Court, on **October 24, 2019**.

[STAMP]

[SIGNATURE]

# EXHIBIT I

# Emergency summary proceedings summons

## before the Presiding Judge of the Paris District Court

### (Articles 485, paragraph 2, 808 and 809 of the Civil Procedure Code)

---

**Year two thousand and nineteen, the _____ of October**

**At the request of:**

**IPCom GmbH & Co. KG, a** company under German law in the form of a *Kommanditgesellschaft*, whose registered office is at Zugspitzstrasse 15, 82049 Pullach, Germany, registered in the Company Register of Munich (Germany) under number HRA 93950, represented by its general partner IPCom Beteiligungs GmbH, a company under German law in the form of a *Gesellschaft mit beschränker Haftung*, whose registered office is Zugspitzstrasse 15, 82049 Pullach, Germany, itself represented by its *Geschäftsführer* (manager) domiciled as such at that registered office,

**Having as Attorney:**      BARDEHLE PAGENBERG SELAS
acting through Mr Julien Fréneaux
Attorney, admitted to the Paris Bar
5, rue Boudreau - 75009 Paris
Tel. +33 (0)1 53 05 15 00 – Fax: +33 (0)1 53 05 15 05
Courthouse Box No. P 0390 (Paris)

**Who will appear and represent on the present summons and on any subsequent proceedings its offices being elected as the address for service**

. 2 .

**I**

**Mr.**

**Legal Bailiff**

**with offices at**

**served and handed a copy to:**

1. **Lenovo (United States) Inc**. whose registered office is at its Registered Agent, The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, New Castle County, Delaware 19801, United States of America, in the person of its legal representatives,

   and also at its principal place of business located at 1009 Think Place, Morrisville, North Carolina 27560, United States of America;

2. **Motorola Mobility LLC**, whose registered office is at its Registered Agent, The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, New Castle County, Delaware 19801, United States of America, in the person of its legal representatives,

   and also at its principal place of business located at 222 W. Merchandise Mart Plaza, Suite 1800, Chicago, Illinois 60654, United States of America;

3. **Lenovo (France) SAS**, a simplified joint stock company with a single shareholder whose registered office is at 20 Rue des Deux Gares, 92500 Rueil-Malmaison, registered in the Nanterre Trade and Companies Register under number 481 278 240, in the person of its legal representatives;

4. **Motorola Mobility France SAS**, a simplified joint stock company with a single shareholder whose registered office is at 20 Rue des Deux Gares, 92500 Rueil-Malmaison, registered in the Nanterre Trade and Companies Register under number 518 392 006, in the person of its legal representatives;

. 3 .

of an *ex-parte* order from the Presiding Judge of the Paris District Court dated October 24, 2019:

– authorizing the summoning for emergency summary proceedings <u>on November 6, 2019 at 4 p.m.</u> before Ms Carine Gillet, Vice-President;

– saying that the writ of summons shall be served before October 29, 2019 at 8 p.m.;

– saying that the defendants shall file their defense brief before November 4, 2019 at 4 p.m.

. 4 .

**And at same request, domicile, Attorney of record and elected address for service as above**

**I,**

**Mr.**

**Legal Bailiff**

**Have summoned**

1. **Lenovo (United States) Inc**. whose registered office is at its Registered Agent, The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, New Castle County, Delaware 19801, United States of America, in the person of its legal representatives,

   and also at its principal place of business located at 1009 Think Place, Morrisville, North Carolina 27560, United States of America;

2. **Motorola Mobility LLC**, whose registered office is at its Registered Agent, The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, New Castle County, Delaware 19801, United States of America, in the person of its legal representatives,

   and also at its principal place of business located at 222 W. Merchandise Mart Plaza, Suite 1800, Chicago, Illinois 60654, United States of America;

3. **Lenovo (France) SAS**, a simplified joint stock company (société par actions simplifiée à associé unique) incorporated in France, having its registered office at 20 Rue des Deux Gares, 92500 Rueil-Malmaison, incorporated with the Nanterre Trade and Companies Register under number 481 278 240, acting through its legal representatives;

4. **Motorola Mobility France SAS**, a simplified joint stock company (société par actions simplifiée à associé unique), having its registered office at 20 Rue des Deux Gares, 92500 Rueil-Malmaison, incorporated with the Nanterre Trade and Companies Register under number 518 392 006, acting through its legal representatives;

. 5 .

**Requiring them to appear on <u>November 6, 2019 at 4 p.m.</u>**

**at a hearing before the Presiding Judge of the Paris District Court, ruling in summary proceedings, at the Paris Court, 1 Parvis du Tribunal, 75017 Paris, (hearing of Ms Carine Gillet, Vice-President).**

**You must appear in person at this hearing or instruct an Attorney admitted to the bar to represent or assist you.**

**Failing to do so would expose you to a court order being rendered against you based solely on the evidence adduced by your opponent.**

**The exhibits supporting the claim are listed at the end of this document.**

. 6 .

## TABLE OF CONTENTS

SUBJECT MATTER OF THE CLAIM..................................................................................... 7

I.  FACTS ................................................................................................................................. 8

  1.1.  The plaintiff: IPCom GmbH & Co KG ................................................................. 8

  1.2.  The defendants: the subsidiaries of the Lenovo group ........................................ 9

  1.3.  The legal proceedings............................................................................................. 10

    1.3.1.  The legal proceedings in the United States ................................................. 10

    1.3.2.  The legal proceedings in the United Kingdom ........................................... 11

    1.3.3.  The legal proceedings in France .................................................................. 11

  1.4.  The German precedent ........................................................................................... 12

II.  DISCUSSION ................................................................................................................... 14

  2.1.  Applicable principles.............................................................................................. 14

    2.1.1.  The powers of the Presiding Judge of the Court ....................................... 14

    2.1.2.  French and European international public policy........................................ 14

    2.1.3.  The fundamental rights of the holder of a European patent in France ..... 15

  2.2.  Application to the case at issue ............................................................................. 16

OPERATIVE PROVISIONS ............................................................................................... 19

. 7 .

## <u>SUBJECT MATTER OF THE CLAIM</u>

1.    **IPCom GmbH & Co KG** (hereinafter referred to as "IPCom") requests the Presiding Judge of the Paris District Court in summary proceedings under Articles 808 and 809 of the Civil Procedure Code to order **Lenovo (United States) Inc.** and **Motorola Mobility LLC** to withdraw the "*Motion for Anti-Suit Injunction*" they filed against IPCom on September 18, 2019 before the United States District Court for the Northern District of California, in so far as it relates directly or indirectly to any legal proceedings which have been brought or may be brought by IPCom before the competent French courts in respect of alleged acts of infringement of the French part of European patent EP 1 841 268 B2 committed on French territory by entities of the Lenovo group, including **Lenovo (France) SAS** and/or **Motorola Mobility France SAS** and their distributors for France.

2.    An "*Anti-Suit Injunction*" is a decision issued by a court, in particular a US or UK court, the purpose of which is to prohibit a party from bringing or prosecuting legal proceedings before another court, in particular a foreign court.

   Apart from certain very specific cases of disputes involving the enforcement of an arbitration clause and/or a forum clause freely accepted by the parties - which is not the case here - the Court of Justice of the European Union and the French Supreme Court[1] consider "*Anti-Suit Injunctions*" **to conflict with European and French international public policy**.

3.    In the case at issue, IPCom is confident that the US Court will dismiss the "*Motion for Anti-Suit Injunction*" filed by the US subsidiaries of the Lenovo group.

   However, should that not be the case further to the **hearing scheduled on November 14, 2019**, IPCom would be deprived of its right of action to defend its European patent EP 1 841 268 B2 before the competent French courts.

   As a result, IPCom would suffer a **serious violation** of its fundamental rights, as the holder of a European patent designating France, under both French law and the international conventions to which France is a party.

4.    The violation of IPCom's fundamental rights in France which would follow from the issuance of an "*Anti-Suit Injunction*" by the US Court and the conflict of said injunction with French and European international public policy, constitute a risk of **imminent damage** and **manifestly unlawful disorder**, which justify that the matter be dealt with **celerity** and that urgent measures be ordered in the context of summary proceedings, in accordance with Articles 808 and 809 of the Civil Procedure Code.

*   *

---

[1] ECJ 27.04.2004 *Turner v. Grovit* C-159/02 ; ECJ 10.02.2009 *Allianz v. West Tankers* C-185/07 ; ECJ 13.05.2015 *Gazprom v. Lithuania* C-536/13 ; ECJ Civ. Cass. 1, 30.06.2004, Appeal Nos. 01-03248 and 01-15452 ; ECJ 10.2009, Appeal Nos. 08-16369 and 08-16549.

## I.   FACTS

### 1.1.   The plaintiff: IPCom GmbH & Co KG

5.   **IPCom GmbH & Co. KG** (hereinafter referred to as "IPCom") is a German company based in Pullach, close to Munich (Germany).

For more than 15 years, IPCom has been in the business of research and development, and creating and exploiting patent portfolios, with a particular focus on telecommunications.

IPCom's patents protect inventions discovered by the company's own R&D team or by third parties which assign or licence their exploitation rights to IPCom.

IPCom is an active member of the working groups of standards bodies that devise standards and standardised technical specifications in the telecommunications field, in particular the ETSI (*European Telecommunications Standards Institute*).

> **Exhibit No. 1.1:   Official entries in the Munich Companies Register concerning IPCom (+ French translation)**
>
> **Exhibit No. 1.2:   Information from IPCom's website**

6.   In 2007, IPCom acquired from the German automobile equipment manufacturer Robert Bosch GmbH a portfolio of more than 160 patent families protecting mobile telecommunications technologies pertaining to GSM (2G), UMTS (3G) and LTE (4G) standards.

Several patents of said portfolio are **essential** to said standards.

7.   The terms "standards" and "essential" have the same meaning here as in the ETSI Directives of 8 October 2018 (**Exhibit No. 2.1**), according to which a patent or other intellectual property right (IPR) is "Essential" to a Standard when: "*it is not possible on technical (but not commercial) grounds, taking into account normal technical practice and the state of the art generally available at the time of standardization, to make, sell, lease, otherwise dispose of, repair, use or operate Equipment or Methods which comply with a Standard without infringing that IPR.*"

8.   In 2009, IPCom made a declaration to the European Commission confirming that it was willing to grant licenses on FRAND (*Fair, Reasonable and Non-Discriminatory*) terms to third parties on the essential patents that it acquired from Robert Bosch GmbH.

> **Exhibit No. 2.2:   European Commission Press Release dated 10 December 2009**

9.   On 11 June 2014, IPCom reiterated this undertaking in a declaration to the ETSI.

> **Exhibit No. 2.3:   "General IPR Licensing Declaration" by IPCom to the ETSI dated 11 June 2014**

10. Amongst those essential patents included in the above-mentioned patent portfolio, is the European patent **EP 1 841 268 B2** entitled "*Access of a mobile station to a random access channel in dependence of its user class*".

Said European patent, which designates France, will be presented in more detail in Chapter II herein below.

It must however readily be observed that in a decision *IPCom v. HTC* of 28 February 2017, the Court of Appeal of England and Wales <u>upheld the status of Patent **EP 1 841 268 B2** as a patent **essential** to the **UMTS** (3G) standard</u>.

*"EP (UK) 1 841 268 (as amended) is essential to the UMTS standard"*

**Exhibit No. 2.4:   Judgment of the Court of Appeal of England and Wales dated 28 February 2017, ([20017] EWCA Civ. 90) (+ French translation)**

**Exhibit No. 2.5:   Order of the Court of Appeal of England and Wales dated 28 February 2017, IPCom -v- HTC**

### 1.2.    The defendants: the subsidiaries of the Lenovo group

11. The Lenovo group is a Chinese manufacturer specialising in the manufacture and marketing of computers, computer servers, digital tablets, connected televisions and telephones. In 2014, the Lenovo Group acquired Motorola Mobility, a US company specialising in the manufacture and marketing of mobile phones.

**Lenovo (United States) Inc.** and **Motorola Mobility LLC** are U.S. subsidiaries of the Lenovo Group.

**Lenovo (France) SAS** and **Motorola Mobility France SAS** are French subsidiaries of the Lenovo Group, which supply the French market.

12. The Lenovo group manufactures and markets three types of electronic devices that are capable of operating in accordance with the UMTS (3G) standard. Therefore, they constitute "mobile stations" covered by claim 1 of patent EP 1 841 268 B2. These electronic devices are as follows:

   – Motorola branded mobile phones,

   – Lenovo and/or Thinkpad and/or Yoga laptops equipped with a mobile network card,

   – and Lenovo and/or Thinkpad and/or Yoga digital tablets equipped with mobile network connectivity.

13. For several years, IPCom has been inviting the Lenovo group to regularise its situation. To this end, IPCom has offered to conclude a license to exploit its patent portfolio on FRAND terms.

The Lenovo Group has not, as it stands, accepted IPCom's FRAND offer or submitted a concrete counter-offer on FRAND terms.

However, the Lenovo group continues to infringe IPCom's standard essential patents, including patent EP 1 841 268 B2, notably in France, via its French subsidiaries Lenovo (France) SAS and Motorola Mobility France SAS.

14.   IPCom has thus met all the obligations set upon it as proprietor of a standard essential patent, as defined by the European Court of Justice in its ruling C-170/13 dated 16 July 2015 (*Huawei v. ZTE*), unlike the Lenovo group, which knowingly continues to dramatically infringe patent EP 1 841 268 B2, in particular in France.

### 1.3.    The legal proceedings

### 1.3.1.    The legal proceedings in the United States

15.   In March 2019, IPCom reiterated its FRAND license offer to the Lenovo group, inviting it to set out its intentions before March 15, 2019, failing which IPCom would be forced to initiate legal proceedings to protect its rights.

In response, on March 14, 2019, two US subsidiaries of the Lenovo group, i.e. **Lenovo (United States) Inc.** and **Motorola Mobility LLC**, initiated legal proceedings against IPCom before the United States District Court for the Northern District of California, requesting inter alia, that the terms and conditions of a worldwide FRAND license for IPCom's patent portfolio be determined (without however committing, either for themselves or for other companies of the Lenovo group, to conclude such a license).

> **Exhibit No.3.1:       Complaint of Lenovo (United States) Inc and Motorola Mobility LLC of 14 March 2019**

16.   On 18 September 2019, in the context of the legal action that they have brought before the United States District Court for the Northern District of California on 14 March 2019, the US subsidiaries of the Lenovo group filed a "*Motion for Anti-Suit Injunction*", in which they request said US Court:

   –   to enjoin IPCom from prosecuting the patent infringement action of Patent EP 1 841 268 B2 that IPCom initiated in the United Kingdom on 4 July 2019 (see, *infra*),

   –   to enjoin IPCom from instituting any infringement action against any of the subsidiary of the Lenovo group, in the United States or abroad (therefore including in France), on the basis of any of its 2G, 3G and 4G standard-essential patents, including Patent EP 1 841 268 B2,

   –   to enjoin IPCom from requesting a foreign Court (therefore including the Paris District Court) to order any measure to prevent the subsidiaries of the Lenovo group (therefore including Lenovo (France) SAS and Motorola Mobility France SAS) from implementing such "*Anti-Suit Injunction*" if it were granted by the US Court,

and this, as long as the US Court has not finally ruled (which will presumably take at least two years, with no certainty as to the exact duration of these proceedings) on the US subsidiaries of the Lenovo group's claims for determination of the terms and conditions of a worldwide FRAND license for IPCom's patent portfolio (still without however the companies of the Lenovo group committing to conclude such a license).

> **Exhibit No.3.2:       Motion for Anti-Suit Injunction of Lenovo (United States) Inc and Motorola Mobility LLC of 18 September 2019**

. 11 .

17.   On July 2, 2019, IPCom challenged the jurisdiction of the US Court. On October 11, 2019, IPCom rebutted all the arguments presented by the US companies of the Lenovo group in support of their "*Motion for Anti-Suit Injunction*".

                **Exhibit No.3.3:**      **IPCom's Opposition to Motion for Anti-Suit Injunction of 11 October 2019**

18.   The "*Motion for Anti-Suit Injunction*" of the US subsidiaries of the Lenovo group will be examined by the United States District Court for the Northern District of California at a hearing scheduled on November 14, 2019.

### 1.3.2.   The legal proceedings in the United Kingdom

19.   On July 4, 2019, IPCom brought a legal action for infringement of the British part of Patent EP 1 841 268 B2 before the High Court of Justice of England and Wales against two English subsidiaries of the Lenovo group, namely:
   – Lenovo Technology (United Kingdom) Limited;
   – Motorola Mobility UK Limited.

20.   These proceedings are pending, the English subsidiaries of the Lenovo group having filed their defence and counterclaims on September 23, 2019, and IPCom having replied on October 15, 2019 (**Exhibits No. 4.1 to 4.5**).

### 1.3.3.   The legal proceedings in France

21.   As authorised by orders rendered by the Presiding Judge of the Paris District Court on October 15, 2019 (**Exhibits No. 5.1 to 5.4**), IPCom had two infringement-seizures performed on October 16, 2019 on the premises of **Lenovo (France) SAS** and **Motorola Mobility France**.

      **Exhibit No. 5.5:**      **Bailiff's report of the search-and-seizure conducted on 16 October 2019 at the premises of Motorola Mobility France**

      **Exhibit No. 5.6:**      **Bailiff's report of the search-and-seizure conducted on 16 October 2019 at the premises of Lenovo France**

      **Exhibit No. 5.7:**      **Bailiff's report of the continuation and closing of the search and seizure at the premises of Lenovo France on 17 October 2019**

22.   IPCom intends to bring action against **Lenovo (France) SAS** and **Motorola Mobility France SAS**, their French importer and wholesaler **ModeLabs Mobiles** as well as their partner in charge of online distribution **Digital River Ireland Limited,** i.e.:

   – in summary proceedings before the Presiding Judge of the Paris District Court for the purpose of prohibiting these companies from continuing their acts of infringement of the French part of the European patent EP 1 841 268 B2;

   – on the merits, before the Paris District Court, to claim relief for the damage it has suffered as a result of the acts of infringement which are not time-barred.

23. However, IPCom's right to initiate and/or to continue these legal proceedings to defend its patent rights in France is **jeopardized** by the "*Motion for Anti-Suit Injunction*" filed by the US subsidiaries of the Lenovo group.

Indeed, if an "*Anti-Suit Injunction*" was granted by the United States District Court for the Northern District of California further to **the hearing of 14 November 2019**, IPCom could not initiate and/or continue these proceedings before the competent French courts.

As a result, IPCom would suffer a **serious violation** of its fundamental rights which are guaranteed to it, as the holder of a European patent designating France, under both French law and the international conventions to which France is a party.

### 1.4.    **The German precedent**

24. On July 11, 2019, in circumstances similar to the present case, the Munich Regional Court ("*Landgericht München*") was led to take urgent provisional measures to protect its judicial sovereignty and safeguard the fundamental rights of European companies holding European patents which were facing the threat of a US "*Anti-Suit injunction*".

25. In this case, the European subsidiaries of the Nokia group initiated patent infringement proceedings in Germany against the German company Daimler AG, which had its suppliers join the proceedings, i.e. the European subsidiaries of the Continental group.

26. In parallel, a US subsidiary of the Continental group, claiming a breach of its FRAND obligations by the Avanci patent pool of which the Nokia group is a member, brought action before a US Court against, *inter alia*, the European subsidiaries of the Nokia group.

In the course of these proceedings, the US subsidiary of the Continental group filed a "*Motion for Anti-Suit Injunction*" requesting the Court:

   – to enjoin the European subsidiaries of the Nokia group from prosecuting the patent infringement actions initiated against Daimler AG in Germany;

   – to enjoin the European subsidiaries of the Nokia group from instituting any patent infringement action against the subsidiaries of the Continental group and their clients, on the basis of their 2G, 3G and 4G standard essential patents during the pendency of the proceedings or from acting in concert with anyone to institute such an action.

27. The European subsidiaries of the Nokia group then filed an *ex-parte* application with the Munich Regional Court ("*Landgericht München*") requesting:

   – that the US subsidiary of the Continental group be prohibited from filing any "*Motion for Anti-Suit Injunction*" intended to directly or indirectly prevent them from pursuing the patent infringement proceedings pending in Germany;

   – that the US subsidiary of the Continental group be ordered to withdraw its "*Motion for Anti-Suit Injunction*" immediately upon service of the upcoming order of the Munich Regional Court;

. 13 .

28.   In an order dated July 11, 2019, the Munich Regional Court granted the requested injunction on the grounds:

–   that the filing of a "*Motion for Anti-Suit Injunction*" in the United States by a US subsidiary of a group accused of patent infringement was intended to deprive the European companies of their right of action in Germany and, as such, jeopardise the rule of law and the proper functioning of justice, which ensure that any interested party can assert its rights without restrictions;

–   that the fact that an "*Anti-Suit Injunction*" constitutes an authorised measure under US law has no consequence on its unlawfulness under German and European law, which not only do not recognise them but also reject them;

–   that the possible issuance of an "*Anti-Suit Injunction*" by the US Court constituted a sufficiently serious and imminent risk of violation of the rights of the European companies guaranteed by German law to justify that provisional and protective measures be ordered to prevent said violation.

> **Exhibit No. 6.1:      Decision of the Munich Regional Court of 11 July 2019 in Case No. 21 O 9333/19 (+ French translation)**

29.   For the reasons set out below, the reasoning behind the above-mentioned decision of the Munich Regional Court is fully transposable into French law and may apply *mutatis mutandis* to the present case.

*   *

## II.  DISCUSSION

### 2.1.    Applicable principles

#### 2.1.1.    The powers of the Presiding Judge of the Court

30.    Pursuant to articles 808 and 809 of the Civil Procedure Code:

> **Art. 808**
>
> "*In all cases of urgency, the Presiding Judge of the Court may order in summary proceedings all measures which do not meet with any serious challenge or which are justified by the existence of a dispute.*"
>
> **Art. 809**
>
> "*The Presiding Judge may always, even in the presence of a serious dispute, prescribe in summary proceedings the provisional or reinstatement measures necessary, either to prevent imminent damage or to put an end to a manifestly unlawful disturbance.*
>
> *In cases where the existence of the obligation is not seriously questionable, it may grant a provision to the creditor, or order the performance of the obligation even if it is an obligation to do.*"

#### 2.1.2.    French and European international public policy

31.    The so-called "*Anti-Suit Injunction*" orders of the type that may be issued by the US Courts infringe the sovereignty prerogatives of the French State and, in particular, its rules of jurisdiction.

32.    This is why, apart from certain very specific cases of disputes involving the enforcement of an arbitration clause and/or a forum clause freely accepted by the parties - which is not the case here - the Court of Justice of the European Union and the French Supreme Court[2] consider "*Anti-Suit Injunctions*" to conflict with European and French international public policy.

---

[2] ECJ 27.04.2004 *Turner v. Grovit* C-159/02 ; ECJ 10.02.2009 *Allianz v. West Tankers* C-185/07 ; ECJ 13.05.2015 *Gazprom v. Lithuania* C-536/13 ; ECJ Civ. Cass. 1, 30.06.2004, Appeal Nos. 01-03248 and 01-15452 ; ECJ 10.2009, Appeal Nos. 08-16369 and 08-16549.

### 2.1.3.  The fundamental rights of the holder of a European patent in France

33. Pursuant to Article 64 of the Munich Convention on the European Patent and Articles L. 614-7 et seq. of the Intellectual Property Code, a European patent designating France confers on its holder the same rights as those conferred by a French national patent.

34. Article 1, paragraph 1 of Protocol No. 1 to the European Convention on Human Rights entitled "*Right to property*" provides that:

> "*Every natural or legal person is entitled to the peaceful enjoyment of his possessions. No one shall be deprived of his possessions except in the public interest and subject to the conditions provided for by law and by the general principles of international law*"

The term "*possessions*" referred to in Article 1, paragraph 1 of Protocol No. 1 to the European Convention on Human Rights includes in particular <u>patents</u>[3].

35. Pursuant to Article 13 and 6 § 1 of the European Convention on Human Rights:

> "*Everyone whose rights and freedoms as set forth in this Convention are violated shall have an effective remedy before a national authority notwithstanding that the violation has been committed by persons acting in an official capacity.*"

> "*In the determination of his civil rights and obligations (...), everyone is entitled to a fair and public hearing within a reasonable time by an independent and impartial tribunal established by law (...)*"

36. These provisions are also reiterated in Article 47 of the Charter of Fundamental Rights of the European Union:

> "*Everyone whose rights and freedoms guaranteed by the law of the Union are violated has the right to an effective remedy before a tribunal in compliance with the conditions laid down in this Article. Everyone is entitled to a fair and public hearing within a reasonable time by an independent and impartial tribunal previously established by law. (...)*"

---

[3] EDH Commission, 4 Oct. 1990, req. No. 12633/87.

37.   The fundamental character of the right to a court - which includes the right of access to a court, the right to obtain a judgment and its enforcement within a reasonable time[4] - was consecrated by:

  –   the Constitutional Council[5] on the basis of Article 16 of the 1789 Declaration of the Rights of Man and of the Citizen,

  –   the European Court of Human Rights[6] and the French Supreme Court[7] on the basis of Article 6 of the European Convention on Human Rights and, finally,

  –   the Court of Justice of the European Union[8] on the basis of Articles 6 and 13 of the same Convention and Article 47 of the Charter of Fundamental Rights of the European Union.

38.   Finally, in the specific field of intellectual property, this principle is proclaimed by Article 3 of the Directive 2004/48/EC implementing Article 4.2 of the TRIPS Agreement of April 15, 1994, which provides with binding force for WTO Member States:

> *"Procedures for enforcing intellectual property rights shall be fair and equitable. They will not be unnecessarily complex or costly; they will not involve unreasonable delays or unjustified delays."*

## 2.2.   Application to the case at issue

39.   The hearing before the United States District Court for the Northern District of California regarding the *Motion for Anti-Suit Injunction* filed by the US subsidiaries of the Lenovo group and the defense of lack of jurisdiction raised by IPCom is scheduled for November 14, 2019.

  The United States District Court for the Northern District of California may thus rule on the "*Motion for Anti-Suit Injunction*" at any moment from that date.

40.   Even if IPCom is confident that the US Court will not order the "*Anti-Suit Injunction*" requested by the US subsidiaries of the Lenovo group, if that were the case, it would result in a **serious violation** of its fundamental rights under both French law and the international conventions to which France is a party.

---

[4] ECHR, 19 March 1997; *Hornsby v Greece*, req. no. 18357/91.
[5] Constitutional Council, 9 April 1996, Decision No. 96-373 DC.
[6] ECHR, 21 Feb. 1975, *Golder v. United Kingdom*, req. No. 4451/70.
[7] C. Cass, Plenary Assembly, 30 June 1995, Appeal No. 94-20.302 and 7 April 2006, Appeal No. 05-11.519.
[8] ECJ, 15 May 1986, *Johnston*, 222/84, para. 18 and 19 and 13 March 2007, *Unibet*, C-432/05, para. 37.

. 17 .

41.   Indeed, if the US Court were to enjoin IPCom not to pursue the infringement proceedings it has brought
      before the Paris District Court against the French subsidiaries of the Lenovo group and their distributors
      for France, IPCom would have no other choice but to comply with this injunction.

      IPCom would thus be deprived of the rights it is granted by European patent EP 1 841 268 B2 in France,
      which it would be unable to assert against the French subsidiaries of the Lenovo group and the
      distributors and intermediaries whose services they use prior to the patent expiry scheduled for February
      15, 2020, despite the fact that these rights are guaranteed by all the aforementioned texts.

      IPCom would also have to wait for the US Court to render a final decision (which will take at the very
      least two years, with no certainty as to the exact duration of these proceedings) before the proceedings
      on the merits before the Paris District Court can resume its normal course so that IPCom can be
      compensated for the damage resulting from the patent infringement acts of which it is a victim.

42.   The violation of IPCom's fundamental rights in France which would follow from the issuance of an
      "*Anti-Suit Injunction*" by the US Court and the conflict of said injunction with French and European
      international public policy, constitute a risk of imminent damage and manifestly unlawful disorder,
      which justify that urgent measures be ordered in the context of summary proceedings, in accordance
      with Articles 808 and 809 of the Civil Procedure Code.

43.   IPCom thus requests the Presiding Judge of the Paris District Court to:

      (i)   Order Lenovo (United States) Inc. and Motorola Mobility LLC to withdraw immediately,
            and at any rate before November 14, 2019, the "*Motion for Anti-Suit Injunction*" they filed
            on September 18, 2019 with the United States District Court for the Northern District of
            California, in so far as it relates directly or indirectly to any legal proceedings which have
            been brought or may be brought by IPCom before the competent French courts in respect
            of alleged acts of infringement of the EP 1 841 268 B2 patent or any other European patent
            belonging to IPCom and designating France, committed on French territory by entities of
            the Lenovo group, including Lenovo (France) SAS and/or Motorola Mobility France SAS,
            and/or their customers, wholesalers, distributors and/or intermediaries whose services they
            use;

      (ii)  Prohibit Lenovo (United States) Inc. and Motorola Mobility LLC from initiating any new
            proceedings or file any claims before any foreign court whatsoever, having the object or
            effect of directly or indirectly restricting the right of IPCom to initiate or pursue before the
            competent French courts the alleged acts of infringement of the EP 1 841 268 B2 patent or
            any other European patent belonging to IPCom and designating France, committed on
            French territory by entities of the Lenovo group, including Lenovo (France) SAS and/or
            Motorola Mobility France SAS companies, and/or the customers, wholesalers, distributors
            and/or intermediaries whose services they use.

. 18 .

44.    The French subsidiaries of the Lenovo group, Lenovo (France) SAS and Motorola Mobility France SAS, are not plaintiffs in the case where the "*Motion for Anti-Suit Injunction*" was filed, which will be heard on November 14, 2019 by the United States District Court for the Northern District of California, but it is undisputable that this "anti-trial" measure is expressly intended to benefit them directly.

As a result, IPCom has an interest that they become parties in the present proceedings so that the upcoming order will bind them and be enforceable against them in accordance with Article 331(2) of the Civil Procedure Code, so that they cannot later complain that they were unable to defend before French courts the benefit they could derive from a potential "*Anti-Suit Injunction*" which would enable them to continue their acts of infringement of the EP 1 841 268 B2 patent in France.

*    *

**FOR THESE REASONS**

**The Presiding Judge is requested to:**

In view of Articles 485, paragraph 2, 808 and 809 and 331, paragraph 2 of the Civil Procedure Code,

In view of Article 64 of the Munich Convention on the European Patent and Articles L.614-7 et seq. Of the Intellectual Property Code,

In view of Articles 2, 13 and 16 of the 1789 Declaration of the Rights of Man and the Citizen,

In view of Articles 6 and 13 of the European Convention on Human Rights,

In view of Article 47 of the Charter of Fundamental Rights of the European Union,

In view of Article 3 of Directive 2004/48/EC,

–   **Order** Lenovo (United States) Inc. and Motorola Mobility LLC to withdraw, immediately upon issuance of the upcoming order and at any rate before November 14, 2019, the "*Motion for Anti-Suit Injunction*" they filed on September 18, 2019 with the United States District Court for the Northern District of California, in so far as it relates directly or indirectly to any legal proceedings which have been brought or may be brought by IPCom GmbH & Co. KG before the competent French courts in respect of alleged acts of infringement of the EP 1 841 268 B2 patent or any other European patent belonging to IPCom and designating France, committed on French territory by entities of the Lenovo group, including Lenovo (France) SAS and/or Motorola Mobility France SAS, and/or their customers, wholesalers, distributors and/or intermediaries whose services they use, subject to penalty of € 250,000 (two hundred and fifty thousand euros) per day of delay as from the date of the upcoming order;

–   **Prohibit** Lenovo (United States) Inc. and Motorola Mobility LLC from initiating any new proceedings or file any claims before any foreign court whatsoever, having the object or effect of directly or indirectly restricting the right of IPCom GmbH & Co. KG to initiate or pursue before the competent French court the alleged acts of infringement of the EP 1 841 268 B2 patent or any other European patent belonging to IPCom and designating France, committed on French territory by entities of the Lenovo group, including Lenovo (France) SAS and/or Motorola Mobility France SAS companies, and/or the customers, wholesalers, distributors and/or intermediaries whose services they use, subject to penalty of € 250,000 (two hundred and fifty thousand euros) for each recording violation of the order and per day of delay as from the date of the upcoming order;

–   **Declare** that the upcoming order will bind and be enforceable against Lenovo (France) SAS and Motorola Mobility France SAS;

. 20 .

– **Reserve its right to** liquidate the penalties attached to the interim measures set forth by the upcoming order;

– **Order** Lenovo (United States) Inc. and Motorola Mobility LLC to pay *in solidum* the sum of €20,000 (twenty thousand Euros) to IPCom GmbH & Co. KG, on the basis of Article 700 of the Civil Procedure Code;

– **Order** Lenovo (United States) Inc. and Motorola Mobility LLC to bear *in solidum* all the legal costs.

<u>WITH ALL RESERVES</u>

**List of exhibits on which the request is based:**

**I.    IPCom**

    1.1    Official entries in the Munich Companies Register concerning IPCom

    1.1bis  French translation of the official entries in the Munich Companies Register concerning IPCom

    1.2    Information from IPCom's website

**II.   The essentiality of Patent EP 1 841 268 B2 to the UMTS standard**

    2.1    Excerpt of ETSI Directives, Version 39, of 8 October 2018

    2.2    European Commission Press Release dated 10 December 2009

    2.3    "*General IPR Licensing Declaration*" by IPCom to the ETSI dated 11 June 2014

    2.4    Judgment of the Court of Appeal of England and Wales dated 28 February 2017, *IPCom -v- HTC*, ([20017] EWCA Civ. 90)

    2.4bis  French translation of Exhibit No. 2.4

    2.5    Order of the Court of Appeal of England and Wales dated 28 February 2017, *IPCom -v- HTC*

**III.  The US proceedings**

    3.1    Complaint of Lenovo (United States) Inc and Motorola Mobility LLC of 14 March 2019

    3.2    Motion for Anti-Suit Injunction of Lenovo (United States) Inc and Motorola Mobility LLC of 18 September 2019

    3.2bis  French translation of the "*[Proposed] Order Granting Plaintiff's Motion for Anti-Suit Injunction*"

    3.3    IPCom's Opposition to Motion for Anti-Suit Injunction of 11 October 2019

**IV.   The UK proceedings**

    4.1    IPCom's Particulars of Claim of 4 July 2019

    4.2    IPCom's Particulars of Infringement of 4 July 2019

    4.3    Defense and Counterclaim of Lenovo Technology (United Kingdom) Limited and Motorola Mobility UK Limited, of 23 September 2019.

    4.4    Grounds of Invalidity of Lenovo Technology (United Kingdom) Limited and Motorola Mobility UK Limited, of 23 September 2019

    4.5    Reply and Defence to Counterclaim of IPCom of 15 October 2019

. 22 .

**V.    The French proceedings**

5.1     *Ex parte* application and order (Case No. 19/02568) of the Presiding Judge of the Paris District Court dated 4 October 2019 (Motorola Mobility France SAS)

5.2     *Ex parte* application and order (Case No. 19/02569) of the Presiding Judge of the Paris District Court dated 4 October 2019 (Lenovo (France) SAS)

5.3     *Ex parte* application and order (Case No. 19/02688) of the Presiding Judge of the Paris District Court dated 15 October 2019 (Motorola Mobility France SAS)

5.4     *Ex parte* application and order (Case No. 19/02687) of the Presiding Judge of the Paris District Court dated 15 October 2019 (Lenovo (France) SAS)

5.5     Bailiff's report of the infringement action search and seizure conducted on 16 October 2019 at the premises of Motorola Mobility France SAS

5.6     Bailiff's report of the infringement action search and seizure conducted on 16 October 2019 at the premises of Lenovo (France) SAS

5.7     *Ex parte* application and order (Case No. 19/02725) of the Presiding Judge of the Paris District Court dated 17 October 2019

5.8     Bailiff's report on the continuation and closing of the infringement action search and seizure conducted on 17 October 2019

**VI.    The German precedent**

6.1     Decision of the Munich Regional Court of 11 July 2019 in Case No 21 O 9333/19

6.1bis   French translation of Exhibit No. 6.1