UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LENOVO (UNITED STATES) INC., et al., <br> Plaintiffs, <br> v. <br> IPCOM GMBH & CO., KG, <br> Defendant. | Case No. 19-cv-01389-EJD (VKD) <br><br> **ORDER RE DISCOVERY DISPUTE RE IPCOM'S INTERROGATORY TO LENOVO** <br> Re: Dkt. No. 74 |

Plaintiffs Lenovo (United States) Inc. and Motorola Mobility, LLC (collectively, "Lenovo") and defendant IPCom GmbH & Co., KG ("IPCom") ask the Court to resolve a dispute concerning IPCom's proposed contention interrogatory to Lenovo. Dkt. No. 74. The Court heard oral argument on this dispute on February 11, 2020. Dkt. No. 77. Having considered the parties' submissions and argument at the hearing, the Court concludes that IPCom's contention interrogatory is outside the scope of the limited jurisdictional discovery permitted by the presiding judge.

**I.  BACKGROUND**

In this action, Lenovo asserts several claims against IPCom based on IPCom's alleged failure to comply with its obligations to offer licenses to certain declared standard essential patents ("SEPs") on fair, reasonable, and non-discriminatory ("FRAND") terms and conditions. Dkt. No. 1. IPCom moved to dismiss the complaint for lack of personal jurisdiction. Dkt. No. 18. In resolving that motion, the presiding judge, the Hon. Edward J. Davila, concluded that Lenovo failed to make a prima facie showing that the Court has personal jurisdiction over IPCom. Dkt. No. 71 at 22. Judge Davila gave the parties leave to conduct discovery regarding the issue of specific jurisdiction only, as Lenovo did not contend that the Court had general jurisdiction of

1  IPCom. *Id.* Judge Davila ordered the parties to confer regarding the scope of jurisdictional discovery and referred all disputes about such discovery to the undersigned magistrate judge. *Id.* IPCom may renew its motion to dismiss following the completion of jurisdictional discovery. *Id.*

IPCom wishes to obtain discovery of Lenovo by means of the following contention interrogatory: "Identify and describe any and all facts which You contend allow the Court to exercise personal jurisdiction over IPCom." Dkt. No. 74 at 1. Lenovo objects to this interrogatory. *Id.*

## II. DISCUSSION

IPCom argues that its interrogatory seeks discovery that is relevant to the question of specific jurisdiction and proportional to the needs of the case with respect to IPCom's anticipated renewed motion to dismiss. Specifically, IPCom argues that because Lenovo bears the burden of establishing personal jurisdiction of IPCom, Lenovo should be required to identify the facts on which it relies in advance of renewed briefing on the issue so that IPCom may address those facts in the opening brief for the renewed motion. Dkt. No. 74 at 6–7.

Lenovo objects that IPCom may not take any jurisdictional discovery because Judge Davila's order contemplated only Lenovo's discovery of IPCom. In addition, Lenovo argues that IPCom's contention interrogatory is an improper effort to obtain a preview of Lenovo's opposition to IPCom's renewed motion to dismiss and that providing the "itemization of facts" the interrogatory calls for would impose an undue burden on Lenovo. *Id.* at 2–4.

As a general matter, a party may propound contention interrogatories to seek the factual basis for an opposing party's position on an issue. *See AngioScore, Inc. v TriReme Medical, Inc.*, Case No. 12-cv- 03393-YGR (JSC), 2014 WL 7188779, at *5 (N.D. Cal. Dec. 16, 2014) ("If, as a legal matter, Defendant contends he was not under a legal duty to disclose the opportunity to Plaintiff, then Defendant should say so and explain why."); Fed. R. Civ. P. 33(a)(2) ("An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact . . . ."). However, in this matter, discovery is limited to the issue of specific personal jurisdiction, and consideration of the appropriate scope of that discovery is informed by Judge Davila's order permitting that discovery.

1  IPCom is correct that nothing in Judge Davila's order precludes IPCom from seeking
2  discovery of Lenovo. The order gives "the parties" leave to conduct jurisdictional discovery. Dkt.
3  No. 71 at 22. Indeed, in its reply brief for its original motion to dismiss, IPCom identified several
4  depositions of Lenovo personnel it wished to take. *See* Dkt. No. 38 at 15. But IPCom does not
5  now seek that discovery or the discovery of any facts known to Lenovo; rather, it asks Lenovo to
6  identify which facts *Lenovo* believes permit the exercise of personal jurisdiction.

Presumably, all of the facts which might be subject to IPCom's contention interrogatory are already known to IPCom and will be discovered *from it* during the course of whatever discovery Lenovo conducts. While IPCom's ostensible justification for the interrogatory—i.e., to facilitate briefing on a renewed motion to dismiss—has some merit, the Court is skeptical that IPCom reasonably requires an answer to the interrogatory before renewing its motion. Given the extensive briefing, argument, and submission of evidence by the parties on the question of specific personal jurisdiction, and the fact that the relevant information is already in IPCom's possession, the Court is confident that IPCom will be able to identify and assess the legal significance of any new facts that Lenovo uncovers during jurisdictional discovery, and that IPCom will be able to address them in its opening brief, or if necessary, in its reply brief.

## III. CONCLUSION

For the foregoing reasons, the Court concludes that IPCom's contention interrogatory seeks discovery that is not proportional to the needs of the case with respect to IPCom's anticipated renewal of its motion to dismiss for lack of personal jurisdiction. That discovery is denied.

**IT IS SO ORDERED.**

Dated: February 12, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge

3