UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LENOVO (UNITED STATES) INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>IPCOM GMBH & CO., KG,<br><br>Defendant. | Case No. 19-cv-01389-EJD (VKD)<br><br>**ORDER RE DISCOVERY DISPUTE RE LENOVO'S DISCOVERY OF IPCOM**<br><br>Re: Dkt. No. 75 |

Plaintiffs Lenovo (United States) Inc. and Motorola Mobility, LLC (collectively, "Lenovo") and defendant IPCom GmbH & Co., KG ("IPCom") ask the Court to resolve a dispute concerning Lenovo's proposed document requests to IPCom. Dkt. No. 75. The Court heard oral argument on this dispute on February 11, 2020. Dkt. No. 77. Having considered the parties' submissions and argument at the hearing, the Court concludes that Lenovo's proposed discovery exceeds the scope of the limited jurisdictional discovery permitted by the presiding judge. This order provides guidelines regarding the permissible scope of discovery and requires the parties to confer further regarding Lenovo's document requests.

**I.  BACKGROUND**

In this action, Lenovo asserts several claims against IPCom based on IPCom's alleged failure to comply with its obligations to offer licenses to certain declared standard essential patents ("SEPs") on fair, reasonable, and non-discriminatory ("FRAND") terms and conditions. Dkt. No. 1. IPCom moved to dismiss the complaint for lack of personal jurisdiction. Dkt. No. 18. In resolving that motion, the presiding judge, the Hon. Edward J. Davila, concluded that Lenovo failed to make a prima facie showing that the Court has personal jurisdiction over IPCom. Dkt. No. 71 at 22. Judge Davila gave the parties leave to conduct discovery regarding the issue of

specific jurisdiction only, as Lenovo does not contend that the Court had general jurisdiction over IPCom. *Id.* All other discovery is stayed. *Id.* Judge Davila ordered the parties to confer regarding the scope of jurisdictional discovery and referred all disputes about such discovery to the undersigned magistrate judge. *Id.*

Lenovo wishes to obtain documents responsive to the following requests:

1. Documents supporting, refuting, or otherwise related to the topics discussed in paras. 2-19 of the declaration of Pio Suh filed in support of IPCom's Motion to Dismiss (Dkt. 18-1) as they pertain to IPCom from 2014 to the present.

2. Business plans, strategic plans, pitches to investors, and communications relating to plans or strategies for: (a) acquisition, licensing or enforcement of U.S. patents; (b) U.S. licensees or potential licensees; or (c) sales of products in the U.S.

3. Any agreements relating to the acquisition, rights to, enforcement or licensing of U.S. patents (including any investment, acquisition, transfer, licensing or pledgee agreements covering U.S. patents).

4. Communications regarding alleged infringement or licensing of IPCom's U.S. patents.

5. Licenses and licensing or enforcement communications with U.S. entities.

6. Documents sufficient to show, by year, IPCom's revenues (a) from licenses to U.S. entities, (b) based on sales of products in the U.S., and (c) from licensing U.S. patents, as gross revenues and as a percentage of IPCom's total licensing revenues.

7. Agreements, or documents reflecting any oral agreements, with any U.S. agent, contractor or employee of IPCom who engaged in any patent acquisition, licensing or enforcement-related activities on behalf of IPCom, including any agents, contractors or employees based or living in the U.S. part-time; documents sufficient to show the amounts, currencies and location of accounts to which such agents, contractors or employees were paid; and documents and communications relating to the duties of any such agents, contractors or employees.

8. Documents and communications relating to FRAND obligations related to or encompassing any of IPCom's U.S. patents.

9. All communications related to "Lenovo" or "Motorola," including Lenovo Group Ltd. and Plaintiffs, or any employees or agents of the foregoing, from 2014 to the filing date of the lawsuit.

10. Currently-pending RFPs 3, 4, 16, 21[1] as they relate to (a) U.S. patents; (b) U.S.

---

[1] *See* Dkt. No. 59-1.

2

licensees or potential licensees; or (c) sales of products in the U.S.

11. Records sufficient to show all business travel by IPCom's employees or agents to the U.S. from 2014 to the present.

Dkt. No. 75 at ECF pp.13–17. IPCom has agreed to produce documents responsive to portions of Requests Nos. 1, 3, 7 and 10, but it objects to the remainder of the requests. *Id.* at 8–10.

## II. LEGAL STANDARD

Lenovo's discovery here is limited to information relevant to the question of whether the Court may exercise specific personal jurisdiction over IPCom. Dkt. No. 71 at 20–22. Lenovo's discovery is further limited by the requirement that any such discovery must be proportional to what is necessary to address that question. *See* Fed. R. Civ. P. 26(b)(1).

## III. DISCUSSION

### A. Judge Davila's Order Authorizing Discovery re Personal Jurisdiction

As discussed at the hearing, the starting point for the Court's resolution of the parties' discovery dispute is Judge Davila's order addressing IPCom's objections to personal jurisdiction. Because that order discusses and analyzes the showing necessary to support the exercise of specific jurisdiction, it provides a framework for assessing whether the discovery Lenovo seeks can be expected to yield new evidence relevant to that issue. For this reason, the Court briefly summarizes the analysis that it believes informs its consideration of the parties' discovery dispute.

In advocating for the exercise of specific personal jurisdiction over IPCom, Lenovo relied on its Sherman Act antitrust claim and its claims for declaratory judgment of non-infringement of two IPCom patents. *See* Dkt. No. 71 at 7–8. As explained in Judge Davila's order, for both sets of claims, the exercise of specific jurisdiction must comport with the requirements of constitutional due process based on consideration of IPCom's relevant contacts with the United States as a whole. *Id.* at 5–6. Relying on the Ninth Circuit's specific jurisdiction test, Judge Davila considered whether Lenovo had made a prima facie showing as to those claims that IPCom "purposefully directed" its activities to the United States, that Lenovo's claims arise out of or relate to those forum-related activities, and that the exercise of jurisdiction would be reasonable. *Id.* at 7–8 (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)).

### 1. Antitrust claim

With respect to Lenovo's antitrust claim, Judge Davila first considered whether IPCom had purposefully directed its complained-of activities to the United States based on the "effects test" articulated in *Calder v. Jones*, 465 U.S. 783 (1984), which requires IPCom to have committed (1) an intentional act (2) expressly aimed at the forum (3) causing harm IPCom knows is likely to be suffered in the forum. Dkt. No. 71 at 9–10. Judge Davila found that Lenovo's antitrust claim is predicated on two intentional acts: (1) IPCom's false declarations to ETSI and 3GPP that it would license its SEPs on FRAND terms; and (2) IPCom's demand for supra-competitive royalties from Lenovo. *Id.* at 10.[2] Judge Davila concluded that Lenovo's allegations did not show that IPCom's allegedly false declarations were expressly aimed at the United States, and that allegations of foreseeable harm to U.S. markets were not sufficient to support the exercise of personal jurisdiction over IPCom. *Id.* 10–13. Judge Davila also determined that IPCom's licensing and royalty negotiations with Lenovo were not expressly aimed at any Lenovo entity in the United States, but rather at Lenovo Group Ltd. in China, and that the prospect of IPCom obtaining significant royalties on licensed U.S. patents based on *Lenovo's* commercial activities in the United States was not evidence of *IPCom's* contact with the forum. *Id.* at 13–16. Having concluded that Lenovo did not meet its burden to show that IPCom had purposefully directed its activities to the United States, Judge Davila did not reach the other elements of the Ninth Circuit's specific jurisdiction test. *Id.* at 16.

### 2. Patent non-infringement claims

With respect to Lenovo's claims for declaratory judgment of patent non-infringement, Judge Davila again began with a consideration of whether IPCom had purposefully directed its patent enforcement activities at residents of the United States, relying on Federal Circuit law. Dkt.

---

[2] In connection with this dispute, Lenovo argues that IPCom's intentional acts encompass demands of supra-competitive royalties for U.S. patents against U.S. market participants in addition to Lenovo. *See* Dkt. No. 75 at 2. However, while the complaint does contain allegations about injury to the U.S. market for cellular technologies (*e.g.*, Dkt. No. 1 ¶¶ 84, 85, 87), Lenovo does not identify any other company (in the U.S. or elsewhere) to whom IPCom made supra-competitive royalty demands. Instead, it relies on IPCom's demand to Lenovo only, and suggests that IPCom may have offered more favorable terms to Lenovo's competitors. *See id.* ¶¶ 54, 86. In any event, this discovery dispute is not an opportunity for the parties to reargue matters already briefed to and decided by Judge Davila.

4

1  No. 71 at 17; *see Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed.

2  Cir. 1998) (Federal Circuit law, rather than regional circuit law, governs the determination of

3  personal jurisdiction for claims involving declaratory judgment of patent non-infringement).

4  Judge Davila concluded that IPCom's licensing and enforcement communications about the

5  patents at issue, if directed at Lenovo in the United States, could satisfy the requirement of

6  minimum contacts with the forum. But here, IPCom had communicated with Lenovo's Chinese

7  parent and not with Lenovo in the United States, and its communications were not specific to the

8  two patents at issue. Dkt. No. 71 at 17–19. Moreover, Judge Davila concluded that even if

9  Lenovo could establish that IPCom made patent-specific communications to Lenovo in the United

10 States, such communications, without more, would not satisfy the fairness prong of the due

11 process inquiry. *Id.* at 19; *see also New World Int'l., Inc. v. Ford Glob. Techs., LLC*, 859 F.3d

12 1032, 1038 (Fed. Cir. 2017) (holding that it is "improper to predicate personal jurisdiction on the

13 act of sending ordinary cease-and-desist letters into a forum, *without more*") (emphasis added).

14 Judge Davila found that Lenovo had not shown any other activities by IPCom that might support

15 the exercise of personal jurisdiction over IPCom. Dkt. No. 71 at 19–20.

### B. Lenovo's Proposed Document Requests

As the Court explained at the hearing, most of Lenovo's proposed document requests are so broad that they appear to be directed to questions of general jurisdiction or the merits of the case, rather than the issue of specific jurisdiction. Collectively, the document requests seek discovery of virtually every document IPCom maintains concerning acquisition, enforcement, licensing, forecasting, planning, strategizing, revenues, and communications relating to all of IPCom's U.S. patents and actual or prospective U.S. licensees of those patents—and then some. The Court suspects that the principle reason for the breadth of Lenovo's requests is Lenovo's concern that such discovery may be necessary to address the fairness prong of the due process inquiry applicable to both the antitrust and the patent non-infringement claims. However, this concern cannot be allowed to overwhelm what Judge Davila intended as a much more focused effort, particularly where IPCom (and not Lenovo) bears the burden of showing that the exercise of personal jurisdiction would not be reasonable if Lenovo succeeds in establishing minimum

5

contacts with the forum, which it has so far failed to do. *See Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011); *Genetic Veterinary Sciences, Inc. v. LOBOKLIN GmbH & Co., KG*, 933 F.3d 1302, 1310 (Fed. Cir. 2019) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)).

Because Lenovo appears not to have significantly focused its discovery requests in response to Judge Davila's observation that the discovery it proposed in opposing IPCom's motion to dismiss was "exceedingly broad," Dkt. No. 71 at 22, Lenovo must narrow its proposed document requests, and the parties must confer further toward that end. However, because the Court has now had the benefit of the parties' discovery dispute submission and lengthy argument during the hearing, it will provide some guidelines to assist the parties in their discussions about the appropriate scope of jurisdictional discovery.

### C. Guidelines

The following guidelines are intended to assist the parties in negotiating the scope of jurisdictional discovery IPCom will provide to Lenovo. Except where expressly stated, these guidelines are not intended to resolve the parties' dispute with respect to particular proposed document requests, nor are they intended to comprehensively define the boundaries of permissible discovery.

1. Lenovo may obtain discovery of any matter that IPCom has specifically put at issue with respect to IPCom's relevant contacts with the forum. This would include, for example, the factual assertions made in Mr. Suh's declaration in support of IPCom's opposition to Lenovo's motion to dismiss.

2. For both sets of claims, Lenovo may not obtain discovery of post-complaint conduct by IPCom, as the question of personal jurisdiction must be determined with respect to the period of time that precedes the filing of the complaint and during which the conduct giving rise to the claims occurred. *See Steel v. United States*, 813 F.2d 1545, 1549–50 (9th Cir. 1987); *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1562–63 (Fed. Cir. 1994) (permitting post-complaint declaration describing evidence contemporaneous with filing of complaint).

3. For both sets of claims, Lenovo may obtain discovery of which Lenovo entity or

entities IPCom understood or believed it was negotiating with or intended to negotiate with regarding efforts to enforce or license either the patents within the scope of IPCom's allegedly false declaration or supra-competitive royalty demands, or the two patents that are the subject of Lenovo's declaratory judgement claims.

4. For both sets of claims, the parties should note the Supreme Court's recent discussion of minimum contacts in *Walden v. Fiore*, 571 U.S. 277 (2014), in which the Supreme Court explained that jurisdiction depends on the relationship between the defendant and the forum, and the contacts the defendant himself creates with the forum. *Id.* at 283–84. For this reason, personal jurisdiction may not be based on conduct of Lenovo or of third parties within the United States, and discovery of that conduct is not relevant. *Id.* at 284; *see also Genetic Veterinary Sciences*, 933 F.3d at 1310. Thus, for example, Lenovo may not obtain discovery of the amount of licensing revenue IPCom may have obtained from third parties' sales of products in the United States.

5. For the antitrust claim, Lenovo may obtain discovery about whether IPCom's intentional acts were expressly aimed at the United States, but the intentional acts are limited to the two acts identified in Judge Davila's order (i.e., the allegedly false declaration and the supra-competitive royalty demand). Lenovo may not obtain discovery of other intentional acts (e.g., supra-competitive royalty demands directed to other companies) or whether such other intentional acts were expressly aimed at the United States.

6. For the patent non-infringement claims, Lenovo may obtain discovery of IPCom's forum-related activities with respect to the two patents at issue. Discovery may extend to documents that reflect forum-related activities concerning other patents as well as the two patents at issue, but that discovery may not encompass documents that simply refer generically to "U.S. patents" or "SEPs" where it is not clear that one or the other of the two patents at issue is within the scope of such reference. *See Xilinx Inc. v. Papst Licensing GmbH & Co., KG*, 848 F.3d 1346, 1353 (Fed. Cir. 2017); *Bayer Healthcare LLC v. Nektar Therapeutics*, No. 17-CV-05055-LHK, 2018 WL 1258202 (N.D. Cal. Mar. 12, 2018) (discussing Federal Circuit authority regarding

specific jurisdiction in declaratory judgment actions).[3]

7. Although nothing in this order or in Judge Davila's order precludes Lenovo from seeking discovery related to the fairness prong of the jurisdictional inquiry, the Court expects Lenovo's discovery to focus on the evidence it requires to establish IPCom's relevant minimum contacts with the United States.

## IV. CONCLUSION

This order is without prejudice to the parties' submission of another joint discovery dispute letter after they have complied with the Court's directions above. The Court asks that the parties submit a brief, non-argumentative status report describing the status of jurisdictional discovery by **February 28, 2020.**

**IT IS SO ORDERED.**

Dated: February 14, 2020

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[3] The Court is aware of no authority—and the parties have identified none—holding that forum-related enforcement activities that are not specific to the patent or patents that are the subject of a declaratory judgment action for non-infringement or invalidity are relevant to the minimum contacts requirement for specific jurisdiction.

8