UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LENOVO (UNITED STATES) INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>IPCOM GMBH & CO., KG,<br><br>Defendant. | Case No.   19-cv-01389-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Re: Dkt. No. 157 |

In connection with the filing of their Amended Complaint ("AC") (ECF No. 159), Plaintiffs Lenovo (United States) Inc. and Motorola Mobility, LLC ("Plaintiffs") have moved to seal certain excerpts that contain information designated as confidential by Defendant. For the following reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' motion.

## I.   LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (internal quotation marks omitted); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (in considering whether documents should be sealed, courts "start with a strong presumption in favor of access to court records."). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto*

Case No.: 19-cv-01389-EJD
ORDER GRANTING IN PART AND DENYING IN PART ADMIN. MOT. TO SEAL

1

*Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79 (internal quotation marks and citation omitted). These access considerations are especially salient when parties seek to file pleadings and briefs under seal, as noted in the Civil Local Rules that "[o]nly in rare circumstances should a party seek to file portions of a pleading or brief under seal." Civil L.R. 79-5(e).

Parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. All motions must include a "specific statement of the applicable legal standard and the reasons for keeping a document under seal," which must include an explanation of the legitimate private or public interests that warrant sealing; the injury that will result if sealing is denied; and why a less restrictive alternative to sealing is not sufficient. Civil L.R. 79-5(c)(1). Where, as here, the party filing the documents under seal is not the party that designated the documents as confidential, the aforementioned "specific statement" must be filed by the designating party. Civil L.R. 79-5(f)(3).

## II.   DISCUSSION

Plaintiffs seek to seal portions of the Amended Complaint that reflects information that Defendant has designated as confidential. Defendant asserts that the sealed portions of the Amended Complaint contain "business information which may harm IPCom's competitive standing." Decl. of Charles Hsu Supp. Plaintiffs' Admin. Mot. ("Hsu Decl.") ¶ 8, ECF No. 162. Specifically, the sealed information relates to Defendant's confidential licensing negotiations that would create a substantial risk of serious harm to Defendant's competitive standing should the information be disclosed. *Id.* ¶¶ 8-9. A quick review of the redacted Amended Complaint reveals that many of the sealed excerpts appear to be direct quotations from documents. *See generally* ECF No. 158.

To the extent that Defendant seeks to seal information relating to the specific details and substance of its licensing negotiations, the Court agrees that there are compelling reasons to do so.

Courts in this circuit, in accordance with the Supreme Court's instruction in *Nixon,* have recognized that "pricing terms, royalty rates, and guaranteed minimum payment terms" are the type of business information that might harm a litigant's competitive standing. *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569–70 (9th Cir. 2008) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *see also In re Qualcomm Litig.*, No. 3:17-CV-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) ("compelling reasons exist to seal the unredacted portions of the pleadings and briefing that concern licensing terms, royalties paid or owed under license agreements, financial terms, details of confidential licensing negotiations, and business strategies. . ."). Most proposed redactions in the Amended Complaint fall within this category, containing information pertaining to licensing demands, negotiation materials and communications, or business statistics.

However, not all proposed redactions in the Amended Complaint contain such confidential business information. Some excerpts appear to have been redacted on the sole basis that they quote from an often-unspecified document that was presumably designated confidential. Take, for example, the redaction in paragraph 27, which quotes from the confidential deposition of Roger Ross but only as to the fact that Motorola was known to be a company in Chicago. AC ¶ 27. Even if the Ross deposition as a whole contained critical business information that may harm Defendant if disclosed, this is not a basis to seal all quotations from that deposition, including those that contain otherwise innocuous or public information. *See Kowalsky v. Hewlett-Packard Co.*, No. 5:10-CV-02176-LHK, 2012 WL 892427, at *3 (N.D. Cal. Mar. 14, 2012) (rejecting argument that any information quoting from sealed exhibits are sealable).

Other instances of quoted but non-sealable information in the Amended Complaint include the following: general high-level information regarding Mr. Ross's duties and licensing authority (AC ¶¶ 60, 62); the general purposes behind Plaintiffs' and Defendant's licensing negotiations, *i.e.*, to reach a worldwide license for Defendant's entire portfolio (AC ¶ 49); and the roles and representative capacity of attendees at those licensing meetings (AC ¶ 66). Additionally, the recitation of Defendant's public position in this case—*e.g.*, that the patents-in-suit are standard

Case No.: 19-cv-01389-EJD
ORDER GRANTING IN PART AND DENYING IN PART ADMIN. MOT. TO SEAL
3

essential, and Plaintiffs infringe upon those patents—does not become sealable just because it was quoted from a confidential deposition.  AC ¶ 36.  Defendant's boilerplate assertions of "business information" concerns do not reach these instances, and the Court is unaware of any other compelling reasons to seal these excerpts.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' motion to seal as follows:

| Document | Portion Sought to be Sealed | Court's Ruling |
| --- | --- | --- |
| Amended Complaint (ECF No. 158) | Portions of ¶¶ 28, 30, 31, 33, 37, 40, 58, 61, 64, 65, 68, 69, 73, 74, 76, 83, 84, 86, 90, 91, 93, 94, 102, 104, 105, 106, 107, 108, 111, 112, 113, 116, 117, 129. | Granted |
| | Portions of ¶ 48, at lines 14-16; ¶ 59, at line 9; ¶ 67, at line 4; ¶ 89, at lines 21-22, 25, 26. | Granted |
| | Portions of ¶¶ 27, 36, 47, 48 not referenced above, 49, 50, 55, 59 not referenced above, 60, 62, 63, 66, 67 not referenced above, 70, 88, 89 not referenced above, 98, 99, 103, 110, 115, 121. | Denied |

Plaintiffs shall file a revised redacted version of the Amended Complaint consistent with the Court's ruling above by **July 6, 2022**.

**IT IS SO ORDERED.**

Dated: June 28, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 19-cv-01389-EJD
ORDER GRANTING IN PART AND DENYING IN PART ADMIN. MOT. TO SEAL
4